R. T. WYNN, *Plaintiff in Error,* v. ATLANTIC COAST LINE RAILROAD COMPANY, *Defendant in Error.*

Opinion Filed January 10, 1914.

Where in an action for damages the plaintiff produces no evidence to show the proper measure of damages under the pleadings, a judgment for nominal damages will be affirmed on writ of error taken by the plaintiff below.

Writ of error to Circuit Court of Orange County; J. W. Perkins, Judge.

Judgment affirmed.

*Andrew Johnson* and *Jones & Jones*, for Plaintiff in Error;

*Sparkman & Carter*, for Defendant in Error.

PER CURIAM.—Wynn brought an action to recover damages from the railroad company for the total loss of growing vegetable crops alleged to have been caused by the delay of the company for twelve days in delivering fertilizer to the plaintiff after it arrived at destination. It is alleged that the defendant's agent was informed after the arrival of the fertilizer at destination on January 8th, 1909, "that if said fertilizer was not delivered to plaintiff that his, plaintiff's, said crop of growing celery and lettuce would be a total loss; still said defendant neglected and refused to deliver said fertilizer before the said 20th day of January, 1909, at which time by reason of not having said fertilizer, said crop was a total loss to said plaintiff."

The alleged "total loss" was not of crops already produced, but of growing crops, and the total loss is alleged to have been caused by the negligent failure of the defendant for twelve days to deliver fertilizer for use on the growing crop of vegetables. It is not alleged that the failure to promptly deliver the fertilizer caused the

crop to decrease in yield or in value, but that the *growing* crop was a "total loss" because of the non-delivery of the fertilizer.

The court excluded evidence as to the supposed value of the growing corps and the supposed damage done to the growing crops because the fertilizer was not promptly delivered and as to the probable value of the crops that could have been raised had the fertilizer been duly delivered. Under instructions the jury returned a verdict of $100.00 damages, and judgment was rendered thereon. The plaintiff took writ of error and contends that he should have been permitted to show as special damages the value of and the injury done to the growing crops and the value of crops that probably would have been made but for the failure of the defendant to deliver the fertilizer for twelve days after being advised of the nature of the injury the plaintiff would sustain as a consequence of such non-delivery.

Assuming that the failure for twelve days to deliver the fertilizer after its arrival at destination could cause a *total loss* of the growing crops, and that the rule of liability announced in Bourland v. Choctaw, O. & G. Ry. Co., 99 Texas 407, 90 S. W. Rep. 483, is applicable as contended for by the plaintiff in error, yet as the declaration alleges that "said crop was a total loss to said plaintiff," the measure of damages is not the speculative value of the crops that might have been raised, or even the conjectured value of or injury done to the growing crops by the negligence in not delivering the fertilizer for twelve days. See Vaughan's Seed Store v. Srtingfellow, 56 Fla. 708, 48 South. Rep. 410; Jones v. George, 56 Texas 149; Reiger v. Worth Co., 127 N. C. 230, 37 S. E. Rep. 217, 52 L. R. A. 362.

The plaintiff offered no evidence of the expenses incur-

red in attempting to make the crops that were alleged to have been a "total loss."

In view of the nature of the allegations and of the evidence offered as to the measure of damages, the judgment is not erroneous, and is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, C. J., concur.