PER CURIAM.
This cause is before the court for the second time upon the issue of damages. In our previous decision, reported at 258 So.2d 330, we reversed for a new trial solely on the issue of plaintiff-appellee’s damages.
The pertinent facts in this case are set forth in our prior opinion. We held therein that the evidence was insufficient to sustain the finding that a “402” certificate of operation has a value of $125,000 and that the plaintiff was entitled to 85% of that sum, based upon “net profits” under an agreement between the plaintiff and defendants.
Upon retrial of this cause, without jury, appellee called three expert witnesses who testified on the fair market value of Mr. Conner’s stock ownership and position with the Panamanian corporation at the time the defendant appropriated the corporation’s stock. The trial court concluded that the plaintiff’s evidence established that he was entitled at $125,000 compensatory damages, plus interest.
It is not within the province of this court to substitute its judgment for that of *463 the trier of fact, unless the record clearly reflects that the findings and conclusions reached by the trial court are erroneous. Old Equity Life Insurance Company v. Levenson, Fla.App. 1965, 177 So.2d 50; Griffith Services, Inc. v. Walter Kidde Constructors, Inc., Fla.App. 1972, 262 So.2d 240.
We have considered the record, briefs and arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.