309 So.2d 614 (1975)
Glenn M. SURRATT, Appellant,
v.
Claude L. FLEMING and Priscilla Fleming, Appellees.
No. V-262.
District Court of Appeal of Florida, First District.
March 12, 1975.
Rehearing Denied April 8, 1975.
H. Diane Breithaupt, Gainesville, for appellant.
Allison Folds of Fagan, Crouch, Anderson & Folds, Gainesville, Jackson Bryan of Bryan & Middleton, Palatka, and P. Ause Brown, Jr., Gainesville, for appellees.
MILLS, Judge.
This appeal arises out of a mechanic's lien foreclosure suit. Appellees, defendants-property owners below, allowed a default to be taken against them. Appellant was the successful bidder at the sale which was held under Section 45.031, Florida Statutes. Appellees did not attend the sale nor file objections thereto.
Four days after the clerk issued the certificate of title to appellant, appellees filed a motion to vacate and set aside the sale. Appellees contended the successful bid was inadequate and resulted from circumstances which caused unfairness. Numerous facts were set forth in the motion to support the contention but the trial court resolved all of the facts against appellees. Having resolved all factual issues, the trial court requested briefs be filed by counsel for the parties on two questions of law. These questions were:
(1) Did the trial court have jurisdiction to consider the motion to vacate and set *615 aside sale where the time for appealing the final judgment had expired; and (2) did the court have discretion to set aside the sale because of inadequacy of price?
After reviewing the briefs, the trial court rendered an order vacating and setting aside the sale. The order merely stated that after hearing argument of counsel, reviewing the briefs, and considering the entire record, the court found that the sale and certificate of title should be vacated and set aside. Appellant appeals from this order.
The trial court had jurisdiction to consider the motion to vacate and set aside sale though the time had expired to appeal the judgment. Courts of equity have general jurisdiction over judicial sales made under their orders and may set aside or vacate sales even after confirmation. Marsh v. Marsh, 72 Fla. 142, 72 So. 638 (1916).
This court is unable to determine whether or not the trial court had discretion to set aside the sale, as the order doing this did not set forth the trial court's findings of fact nor reasoning upon which the order was based. In addition, though the order vacating and setting aside the sale stated the trial court considered the entire record, by its order of 21 July 1972 the trial court resolved all of the factual matters in the motion to vacate and set aside against appellees. The "entire record" does not contain any other facts.
Though a trial court is not required to state findings of fact or grounds of reasoning in its orders, fairness to litigants and appellate courts make this desirable. State v. Bruno, 104 So.2d 588 (Fla. 1958).
For the above reasons, this court temporarily relinquishes jurisdiction of this case to the trial court for the sole purpose of having the trial court enter an order nunc pro tunc setting forth the facts or grounds upon which it granted the motion to vacate and set aside sale.
Upon entry of the order, the clerk of the trial court is directed to forward a certified copy thereof to this court and to counsel of record for each of the parties hereto.
Thereafter the parties hereto may request leave to file additional briefs if such be desired.
BOYER, Acting C.J., and McCORD, J., concur.