MILLS, Judge.
We temporarily relinquished jurisdiction of this case to the trial court for the entry of an order nunc pro tunc setting forth the facts upon which the trial court granted defendants’ motion to vacate and set aside a judicial sale of defendants’ property to appellant. Surratt v. Fleming, 309 So.2d 614 (Fla.App. 1st, 1975).
*40 The trial court entered the requested order, however, the facts recited by the trial court had been resolved adversely to defendant by a previous order; therefore, there was no record to support the trial court’s findings of fact.
The trial court’s nunc pro tunc order recited that the sale was being set aside because the price bid and paid by appellant was such a small amount that it amounted to unjust enrichment.
Mere inadequacy of the price bid and paid is not sufficient to set aside a judicial sale, unless coupled with other circumstances having a tendency to cause the inadequacy. Maule Industries v. Seminole Rock and Sand Company, 91 So.2d 307 (Fla. 1957). The record before us contains no facts or circumstances which would support the trial court’s view.
Accordingly, the order vacating and setting aside the sale of 28 June 1972 and the certificate of title issued to appellant Sur-ratt on 10 July 1972 is reversed and this case is remanded to the trial court to reinstate the certificate of sale and certificate of title.
BOYER, C. J., concurs specially.
McCORD, J., dissents.