344 So.2d 651 (1977)
Ann Neter HEARD, Appellant,
v.
Benjamin L. MATHIS, Appellee.
No. BB-13.
District Court of Appeal of Florida, First District.
April 19, 1977.
*653 Don Peters, Ray S. Brill Jr., Gainesville, for appellant.
Stephan P. Mickle, of Mickle, Harris, Green & Woolfork, Gainesville, for appellee.
ERVIN, Judge.
This is an appeal by defendant-counter-claimant Heard from a judgment favoring Mathis in the sum of $200.00, plus costs and attorney's fees.
Heard, a student at the University of Florida borrowed $200.00 from Mathis, an assistant to the Vice-President for Student Affairs. The transaction was oral, unsecured and with no interest charged. It was Mathis' understanding that the loan would be repaid by Heard once she received her allotment check from her husband. When his understanding failed to be realized, Mathis contacted several persons, including one Bill Simmons, described as an intimate personal friend of Heard's, and informed them of the debt. Finally Mathis filed a statement of claim against Heard in county court. Heard filed her answer and a counterclaim, alleging Mathis' violation of the Consumer Collection Practices Act, and seeking statutory and punitive damages in excess of the minimum jurisdiction of the court. Subsequently the cause was transferred to the circuit court. The case was tried nonjury and upon its conclusion the court entered final judgment for Mathis on his claim, denied Heard's counterclaim and assessed attorney's fees against Heard in the amount of $400.00.[1]
Heard raises two points on appeal:
(1) The court erred in entering judgment against Heard on her counterclaim since the word "family" as used in Section 559.72(5), Florida Statutes (1975), could not be reasonably construed to include an intimate friend who is not living with Heard.
(2) The court erred in assessing attorney's fees against Heard pursuant to Section 559.71(1) because Heard's claim was neither ill-founded nor brought for the purposes of harassment.
Mathis, in response to Heard's argument, replies that since the loan to Heard was made without interest, the disclosure of the debt to a person not a member of Heard's family was not prohibited by Section 559.72(5).[2]
*654 Initially we agree with Heard that Mathis was not privileged under the statute to make the disclosure to Simmons since Simmons was neither a member of Heard's family nor did he have any legitimate business need for such information. Florida courts have construed the word "family" primarily in the context of homestead. Thus the meaning of family has been extended beyond marital or blood relationships to include families "in fact." See Beck v. Wylie, 60 So.2d 190 (Fla. 1952) and Johns v. Bowden, 68 Fla. 32, 66 So. 155 (1914). The tests of a family for homestead purposes, which must be met either singly or in combination, are: (1) A legal duty to maintain arising out of the relationship and (2) a continuing communal living by at least two individuals under circumstances where one is regarded as the person in charge. See, e.g., In re Wilder, 240 So.2d 514 (Fla. 1st DCA 1970); Brown v. Hutch, 156 So.2d 683 (Fla. 2nd DCA 1963); Crosby and Miller, Our Legal Chameleon, The Florida Homestead Exemption, 2 U.Fla.L.Rev. 12 (1949). Under neither of the above tests, could Bill Simmons, a close personal friend of Heard who neither lived with nor assumed any responsibility for support of Heard, be considered a member of Heard's family. We therefore conclude that the communication made by Mathis to Simmons was not privileged since it was not one made to the debtor's family.
We also reject Mathis' contention that the Consumer Collection Practices Act does not apply to him, a private individual making an oral, non-interest bearing loan to a friend. The statute clearly prohibits any person from making such communication to anyone with certain stated exemptions. The word "person" has been held to include not just collection agencies regulated under Part Five of Chapter 559, but is applicable to persons generally. Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (Fla. 1st DCA 1976). The word creditor is defined as "any person to whom a consumer claim is owed, due, or alleged to be owed or due." Section 559.55(3). Moreover, a consumer claim as defined in Section 559.55(1) is
"... any obligation for the payment of money or its equivalent arising out of a transaction wherein credit has been offered or extended to a natural person, and the money, property or service which was the subject of the transaction was primarily for personal, family, or household purposes... ."
Chapter 559 cannot be afforded the restrictive construction which Mathis urges.[3] We therefore conclude that a non-interest bearing loan, either oral or written, and whether paid to a commercial institution or to any individual, is subject to the regulation of the Act.
We reject, however, Heard's contention that if Simmons is not a member of Heard's family then the lower court erred in denying the counterclaim because every other element required by the statute was shown. The final judgment of the court did not state any reasons in support of its conclusion that Heard failed to establish by the greater weight of evidence Mathis had violated any provision of the Consumer Collection Practices Act. While a trial court is not required to state findings of fact or grounds of reasoning in its judgments or orders, fairness to both the parties and appellate courts make this desirable. E.g., State v. Bruno, 104 So.2d 588 (Fla. 1958); Surratt v. Fleming, 309 So.2d 614 (Fla. 1st DCA 1975). Nevertheless an appellate court will not substitute its judgment for that of the trier of facts unless the record *655 clearly reflects the findings or conclusions reached were erroneous. Cf.: Beavers v. Conner, 289 So.2d 462 (Fla. 3rd DCA 1974); Walker v. Connolly, 299 So.2d 67 (Fla. 1st DCA 1974).
It is necessary for Heard to show, since her action is based upon a statute, that the conduct complained of comes within the terms of such statute. 1 Fla.Jur. Actions Section 16 (1955). Thus where a particular remedy is conferred by statute, it can be invoked only to the extent and in the manner prescribed. Dorman v. Jacksonville, 13 Fla. 538 (1870). The essential elements of any cause of action, whether derived from tort, contract, or imposed by statute, are the existence of a legal right in plaintiff, with a corresponding duty in defendant, coupled with a violation of that duty which results in injury or damages to the plaintiff. 1 Fla.Jur. Actions at sections 22-23. Either nominal or statutory damages may be awarded a plaintiff where the evidence is insufficient to reveal the extent of any injury, which, from the nature of the case, was inflicted upon the plaintiff. Wynn v. Atlantic Coast Line R. Co., 66 Fla. 604, 64 So. 232 (1914). An analogy may be made to cases involving defamations which are actionable per se. General damages are allowed to a plaintiff upon proof of the publication without regard to any establishment of actual pecuniary loss since damages are conclusively presumed as a matter of law from the use of words actionable per se. Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906). The reason for the allowance of such damages is that the immediate tendency of the words is to impair the plaintiff's reputation without regard to proof of loss. Ross v. Gore, 48 So.2d 412 (Fla. 1950). While the Act does not require that plaintiff establish proof of actual damages less than $500.00, Section 559.77(1), it does require plaintiff to show the invasion of a legal right.[4]
We construe the statute as requiring the debtor to show the following elements necessary for a good cause of action against Mathis: (1) that there was a disclosure of information to a person other than a member of debtor's family, (2) that such person does not have a legitimate business need for the information, and (3) that such information affected the debtor's reputation. We find that Heard has presented adequate proof of the first two elements, but not as to the third. We fail to see how, on the basis of this record, the disclosure of a $200.00 debt owed by Heard to Mathis, which disclosure was made to Simmons, an intimate personal friend of Heard, affected the debtor's reputation. Heard has failed to present proof necessary to sustain her claim that her reputation was affected. Reputation is what is reported or understood from reports to be the community's estimate of the person's character. Fine v. State, 70 Fla. 412, 70 So. 379 (1915). It is difficult to conclude on the basis of one unprivileged communication that the community's estimate of the debtor's character was affected. We interpret the statute as requiring  unlike causes for per se defamations which are complete upon publication  a showing that the debtor's reputation was adversely affected following the publication. We find no error in the lower court's denial of the counterclaim.
We do, however, feel that the court was incorrect in assessing attorney's fees in favor of Mathis. Section 559.77(1), Florida Statutes (1975) states in pertinent part:
"If it appears to the court that the suit brought by the plaintiff was ill-founded or brought for purposes of harassment, the plaintiff shall be liable for court costs and reasonable attorney fees incurred by the defendant."
We fail to find that Heard's counterclaim, being one of first impression under the statute, was either ill-founded or brought for the purposes of harassment. *656 We agree with Heard that if the legislature had intended to make the award of attorney's fees contingent upon the outcome of the suit, it would have specifically said so as it has done in analogous situations. Cf. Section 501.210, Florida Statutes (1975). While we have found no definition for ill-founded in either the legal dictionaries or in Webster's, ill is defined as "bad; defective in law; null; nought; the opposite of good or valid." Black's Law Dictionary, 882 (Rev. 4th ed. 1968).
Neither do we feel that Heard's counterclaim was brought for the purpose of harassment. To harass means to worry, to annoy, usually in a repeated manner. Webster's New Collegiate Dictionary, 522 (1976).
Cases involving malicious prosecution actions are instructive to a determination whether Heard's counterclaim was ill-founded. An indispensable element to an action for malicious prosecution is want of probable cause for the institution of the original proceeding. E.g., Hower v. Lewton, 18 Fla. 328 (1881); Tatum Bros. Real Estate and Inv. Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926). Probable cause in malicious prosecution actions is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that the person accused is guilty of the offense charged. Goldstein v. Sabella, 88 So.2d 910 (Fla. 1956). Moreover the standard of conduct required for a person beginning or continuing any proceeding is that of a reasonable or ordinary prudent person. Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 So. 294 (1908). When we apply those tests to Heard's counterclaim, we cannot reasonably conclude that her action was ill-founded. She proved a disclosure had been made to a person other than a member of her family and that such person did not have a legitimate business need for the information disclosed. She established all elements to her cause of action with the exception of the requirement that the disclosure affect her reputation. We do not find on the basis of this record that she acted either unreasonably or that her claim was ill-founded.
Accordingly it is directed that the lower court delete that portion of the final judgment assessing attorney's fees in favor of Mathis.
MILLS, Acting C.J., and DURDEN, J. ROBERT, Associate Judge, concur.
NOTES
[1] The material portion of the judgment appealed states:

"2. Counterclaimant/Defendant, Ann Neter Heard, should take nothing because she failed to establish by the greater weight of the evidence that the Plaintiff-Counter/Defendant violated any provision of the Consumer Collection Practices Act, and failed to show the necessary malice, moral turpitude, wantonness, outrageous aggravation or reckless indifference to the rights of others to be entitled to punitive damages."
[2] Section 559.72(5), Florida Statutes (1975), provides:

"In collecting consumer claims, whether or not licensed by the division, no person shall:
* * * * * *
(5) Disclose to a person other than the debtor or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false; ..."
[3] While collection practices are regulated in several states, we have found none so broad in scope as Florida's. E.g., Prohibiting practices of collection agencies only are Ariz. Rev. Stat. Ann. §§ 32-1002-1057 (1976); Me. Rev. Stat. Ann., tit. 32, §§ 573-83 (Supp. 1973); Mass. Gen. Laws Ann., ch. 93, §§ 24-28, 49 (1976). Wisconsin law regulates all dealings of merchants involving installment payments or finance charges. Wis. Stat. Ann. §§ 427.101-.105 (1973).
[4] Parenthetically, unlike defamations in libel and slander causes which are actionable per se, and where the courts presume malice from the words used, no such presumption may be indulged here since the statute does not require the disclosure to be false if made to a person other than the debtor or his family when such person does not have a legitimate business need for the information.