HUBBART, Judge
(concurring).
I find the City of Miami’s actions in this case highly suspicious to say the very least. Mr. Crouch at no time announced that he was a bidder for the City of Miami at the foreclosure sale. He bid solely in his individual capacity and concealed his true identity. Only Mr. Stewart announced that he was a bidder for the City of Miami.
Moreover, Mr. Crouch began his bidding only when Mr. Stewart announced that he had made his last bid at $110,000 and walked out while the sale was in progress. Mr. Crouch remained in his secret capacity even though he and Mr. Stewart had come to the sale together. To all the actual or potential bidders present, it was clear that the City of Miami had terminated its bidding on this property although it is undisputed that the property in question was in the heart of a proposed City of Miami mul-ti-million dollar convention complex. Shortly thereafter, Mr. Crouch became the high bidder and purchased the property. It was only after the sale was completed and the other bidders were presumably long gone when Mr. Crouch tendered a City of Miami check to purchase the property and revealed his true identity.
The City of Miami offered no explanation to the trial court and offers none on appeal to justify the deception practiced by the City on the officials conducting the sale and on the other bidders. In my judgment, these deceptive acts constitute misconduct which was designed to depress the foreclosure sale price by misleading actual or potential bidders into believing that the City was no longer interested in the property and that therefore the property was not that valuable. Such misconduct would be sufficient to set aside the foreclosure sale had it accomplished its intended purpose by restraining competitive bidding at the sale. See: Arlt v. Buchanan, 190 So.2d 575 (Fla.1966); Mitchell v. Mason, 75 Fla. 679, 79 So. 163 (1918); Marsh v. Marsh, 72 Fla. 142, 72 So. 638 (1916).
I have, however, carefully reviewed the record and can find no evidence that the City’s misconduct in any way depressed the *367 price or restrained the bidding. I am satisfied that the property was sold at a fair market value in line with appraisals made by two competent real estate appraisers. The bidding did continue after Mr. Stewart made his exit from the foreclosure sale, and no actual or potential bidder at the sale testified that he or she would have continued the bidding beyond the $140,000 bid had they known Mr. Crouch’s true capacity throughout the sale.
I,therefore, concur in the court’s judgment of affirmance, but would make it perfectly clear that the City of Miami engaged in improper conduct at the foreclosure sale which would have been sufficient to set aside this foreclosure sale if the evidence had established that the misconduct depressed the price or restrained the bidding. Absent such evidence, I am constrained to affirm.