386 So.2d 1281 (1980)
Melvin I. MUROFF and Gloria Muroff, Appellants/Cross-Appellees,
v.
Paul DILL, Barbara B. Lynch, and Dorothy T. Lanier, Appellees/Cross-Appellants.
No. 78-2272.
District Court of Appeal of Florida, Fourth District.
August 6, 1980.
Rehearings Denied September 23, 1980.
*1282 Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants/cross-appellees.
Robert E. Ferris, Jr. of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for appellees/cross-appellants.
GLICKSTEIN, Judge.
This is a timely appeal from the trial court's order which denied appellants' motion for judgment n.o.v. and partially granted their motion for new trial, solely as to damages. Appellees cross-appeal the granting of the new trial on damages. We affirm.
The record discloses that in 1972, Melvin I. Muroff and Gloria Muroff, his wife, owned a ninety-acre tract of undeveloped land in western Broward County, and had recorded a fifty-foot east-west easement for roadway purposes through the middle of the property. The easement disclaimed any responsibility by the Muroffs for installation or maintenance.
On April 22, 1972, the Muroffs sold fifteen acres in the southeast quadrant of the tract to Paul Dill, appellee. At closing, Dill obtained from Muroff a signed memorandum obligating the latter to complete within fifteen days an access road to the property from Hiatus Road, which was located several hundred feet to the west of the Dill property. Dill testified that the access road was not put in as agreed, causing his plans for single family residential development of the property to be stymied. Dill further testified that he obtained an executed document from Muroff on August 11, 1972, certifying that within sixty days Muroff would cause a road in the center of the easement to be brought to flood criteria level. During a visit to the property in the fall of 1972, Dill observed that the road surface had not been elevated above adjacent ground and in several areas was covered by standing water at least twenty-five feet in width. When Dill questioned Muroff following his visit to the site, Muroff maintained *1283 the road was complete. No further work on the road was undertaken.
Because of the delay in development of the property caused by the problem with the road, Dill decided to sell his fifteen acres. In January, 1973, he executed a contract with Mr. and Mrs. Rivera for the sale of five acres, and in March, 1973, executed a contract to sell the remaining ten acres to Dorothy T. Lanier and Barbara B. Lynch. Each contract provided that Muroff would hold first mortgages on the parcel being conveyed. This required that the existing purchase money mortgage, given by Dill to Muroff, would be split into two separate encumbrances. Muroff, however, had not consented to the mortgage split. The Lanier-Lynch contract further required Dill to provide a paved road.
In August, 1973, Dill filed suit against the Muroffs seeking cancellation of the deed to the fifteen acre property. While the cancellation action was pending, Muroff agreed to split the mortgage. Dill then assigned his interest in the cancellation action to Lanier and Lynch on June 25, 1974, in exchange for their releasing him from his obligation to put in a road. Two days later, Muroff signed a mortgage modification agreement splitting the mortgage between the two parcels. Dill concurrently delivered deeds to his purchasers.
Thereafter, Dill, Lanier and Lynch filed a second amended complaint seeking damages from the Muroffs for breach of the agreements dated April 22, 1972, and August 11, 1972. Muroff counterclaimed, alleging that the mortgage modification was predicated upon an agreement that Dill would dismiss his suit.
At trial Dill, Lanier and Lynch submitted evidence, over objection, that the cost of constructing a road to the property from Hiatus Road was $51,556. At their request, an instruction was given, again over objection, that the proper measure of damages was the cost of constructing the road. The Muroffs contended that the proper measure of damages was the diminution in value of the property occasioned by the failure to complete the road. The jury awarded $51,556 to Dill,[1] Lanier and Lynch and denied the Muroffs relief on their counterclaim.
The Muroffs raise two points on appeal:
1. The trial court should have directed a verdict against appellees because they offered no evidence upon the correct measure of damages.
2. The trial court should have ordered a new trial on all issues rather than granting a new trial on the issue of damages alone.
On cross appeal, Lanier and Lynch contend that the trial court should not have granted a new trial on damages, arguing that the correct measure of damages was the reasonable cost to construct the road, not diminution in property value.
With respect to the first point, we are of the opinion that the trial court was correct in not directing a verdict. Appellees/cross-appellants were entitled to nominal damages once the breach of contract had been established, notwithstanding the absence of evidence regarding the correct measure of damages.
Two early decisions of the Florida Supreme Court are relevant. In Wynn v. Atlantic Coast Line R. Co., 66 Fla. 604, 64 So. 232 (1914), the court affirmed a judgment for nominal damages where there was no evidence to show the proper measure of damages. In Price v. Southern Home Ins. Co. of the Carolinas, 100 Fla. 338, 129 So. 748 (1930), the insured brought an action against the insurer on her fire insurance policy. Because the trial court indicated an intention to direct a verdict against the plaintiff, she offered no proof of her damages. Although there was ample proof of destruction of the building, the trial court directed a verdict against the plaintiff. The supreme court reversed and held that, notwithstanding the absence of proof of loss or damage, the plaintiff was entitled to *1284 nominal damages. More recently, in Beverage Canners, Inc. v. Cott Corp., 372 So.2d 954, 956 (Fla. 3d DCA 1979), the court held:
Nominal damages may be awarded when the breach of an agreement or invasion of a right is established, since the law infers some damage to the injured party; where there is insufficient evidence presented to ascertain the particular amount of loss, the award of nominal damages is proper. Price v. Southern Home Ins. Co. of Carolinas, 100 Fla. 338, 129 So. 748 (1930). See 9A Fla.Jur., Damages §§ 7-8. Accordingly, we hereby affirm the order awarding nominal damages for the breach involved in the cause sub judice.
See also Heard v. Mathis, 344 So.2d 651, 655 (Fla. 1st DCA 1977).
Regarding appellant's second point, there is ample precedent for the trial court's action in granting a new trial upon damages alone. A new trial may be granted on all or part of the issues. See Fla.R. Civ.P. 1.530(a). In Tolin Manufacturing Corp. v. Roy Feiner Handbags, Inc., 173 So.2d 714 (Fla. 3d DCA 1965), a new trial was granted on the issue of damages only. Similarly, in Roemelmeyer v. Richard A. Marshall Insurance Agency, 223 So.2d 753 (Fla. 3d DCA 1969), where the contested evidence had been offered solely to establish damages, the court held it was an abuse of discretion to order a new trial on both issues and reversed that part of the trial court's order requiring a new trial on the issue of liability. We therefore conclude that the trial court did not abuse its discretion in awarding a new trial only as to the issue of damages. See Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980).
As for cross-appellants' argument that a new trial should not have been ordered on damages because evidence of the cost of constructing the road was the proper measure of damages, we are otherwise persuaded. Although the Florida courts have apparently not ruled as to the measure of damages for breach of a vendor's agreement to make improvements on property not owned by the injured party, we are persuaded that the proper measure of damages should be predicated upon diminution in value as recited in Coughlin v. Blair, 41 Cal.2d 587, 262 P.2d 305, 312 (1953), specifically:
[T]he difference in value of the property with and without the promised performance, since that is the contractual benefit of which the injured party is deprived.
See also, Glendale Federal Savings and Loan Assn. v. Marina View Heights Development, Inc., 66 Cal. App.3d 101, 135 Cal. Rptr. 802 (1977); South Memphis Land Co. v. McLean Hardwood Lumber Co., 179 F. 417 (6th Cir.1910).
Having duly considered all points raised by the parties, we affirm the trial court's order.
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] While Dill's name was included on the verdict, the trial court directed a verdict against him because of the assignment to Lanier and Lynch. The parties understood any judgment for Lanier and Lynch would not include Dill.