**In re John R. JONES, Debtor.**

**Bankruptcy No. 81–231–BK–J–GP.**

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

July 24, 1981.

Charles W. Grant, Jacksonville, Fla., for trustee.

Victor E. Raymos, Jacksonville, Fla., for debtor.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

This case presents an interesting question, one apparently novel to Florida homestead law.

The facts are not in dispute. The petition in this case was filed on April 7, 1981. At that time the debtor was unmarried, and he still is unmarried. Pursuant to a Judgment of Dissolution of Marriage, the debtor was awarded custody of two minor children from that marriage. In July, 1980, his former wife, contrary to the judgment of the state court, removed herself and the children from the marital home. The debtor has not seen his children nor had any direct or indirect contact with them, and he has lived alone since July, 1980.

Approximately $200.00 per month is paid by the Social Security Administration of the United States to the former wife of the debtor for the support of the children. The payment is made to the former wife as the one having the physical custody of the children and it is made on the debtor's account with the Administration because of his award of total and permanent disability. No support has been paid by the debtor directly to or for the benefit of any person since July, 1980. Since the custody of the children was awarded to the debtor, the Judgment of Dissolution of Marriage was silent on the matter of support.

The debtor claims the exemptions accorded by Article X, § 4 of the Florida Constitution, to the head of a family, and the Trustee has objected to that claim.

The test of a family for homestead purposes is (1) a legal duty to maintain arising out of the relationship, and (2) continued communal living by at least two individuals under circumstances where one is regarded as the person in charge, which must be met either singly or in combination. *Heard v. Mathis*, 344 So.2d 651 (Fla. 1st D.C.A. 1977). It is not necessary that the dependent reside with the head of the family on the homestead property, but, if not, the head of the family must not only be obligated to, but must actually support such dependents. *Vandiver v. Vincent*, 139 So.2d 704 (Fla. 2d D.C.A. 1962). Each case must be decided on its own, peculiar circumstances, *DeCottes v. Clarkson*, 43 Fla. 1, 29 So. 442 (1901), and the Court does not pretend that the line of cases construing this provision is entirely consistent.

The debtor contends that he has a legal duty to support the children by virtue of the custody decree and that he actually supports them through the payments made on his account with the Social Security Administration.

The debtor unquestionably has a legal duty to support the children whose custody he has been awarded. However, the Court cannot accept the debtor's contention that he provides actual support. He has no control over the payments made by the Social Security Administration; indeed, if he had any, he would use it to cease the payments to his ex-wife or coerce the Social Security Administration to reveal his children's whereabouts. Similarly, despite his efforts to locate the children, he has no actual control or influence concerning their upbringing.

The homestead was designed so that the head of a family can shelter the family from financial reverses or economic misfortune. *Vandiver v. Vincent, supra.* To the extent that the exemption is to prevent the dependents of a distressed debtor from becoming public charges, the grant of the exemption here will have no impact whatsoever, since denial of the head of family status to this debtor will neither increase nor decrease the present Social Security payments going to his children.

The debtor argues that he is or should be allowed the exemption because he is attempting to preserve the home for the children. The difficulty with this argument is that it has been almost a year since any children were around to benefit from the existence of a home place. One could, almost with as much logic maintain that, although he was single with no dependents, he should be entitled to the exemption at the filing of his petition because he intended to marry within a year thereafter and establish a family. *Cf. In re Rivera*, 5 B.R. 313 (Bkrtcy. M.D.Fla. 1980). The debtor may, for all that can now be ascertained, still be living alone a year or two or three from now. The children may, for all that is now known, never return to the home.

Wherefore, in the view of the foregoing discussion, the Trustee's objection to the debtor's claim of exemptions is sustained.