GLICKSTEIN, Judge.
Subsequent to oral argument this court and the trial court entered a series of orders to give appellant the opportunity by a date certain to deposit into the registry of the trial court the sum of $65,000 together with interest thereon at the rate of 14% per annum from and after April 1, 1981 to the date of deposit, and have the deposited funds subsequently placed in an interest-bearing, fully protected account, fund or certificate, pending further direction of this court, all of which was done. This court’s object was to effect the security contemplated by the parties’ stipulation executed in 1980 and not implemented as intended.
Having effected the placement of security, we feel at liberty now to consider the merits of the appeal, which is a two-pronged attack upon the trial court’s orders respectively interpreting the language of the parties’ stipulation and awarding summary judgment to both the buyer/plaintiff and the broker/cross claimant.
This court will take the claims of the buyer/plaintiff and broker/cross claimant separately. As to the former, the record reflects a stipulation between counsel for the buyer/plaintiff and the seller/defendant. The trial court interpreted the stipulation as eliminating all issues of liability without considering testimony of the signers, notwithstanding the affidavit of one of the signing attorneys, in the record at the time, which attested to the following:
1.He was attorney of Record for Coppola Enterprises, Inc., Defendant in the above-captioned action on December 5, 1980.
2. That he did sign a Stipulation dated December 5,1980 for and on behalf of Coppola Enterprises, Inc.
3. That it was not the intention of the Stipulation as signed to admit any liability whatsoever on the part of the Defendant, Coppola Enterprises, Inc.
4. Paragraph 3 of the Stipulation was worded in that fashion so as to delineate between Count I, which was an action in equity for specific performance and Counts II and III, which are actions at law for damages. The intent of the complete paragraph 3 was to assure to the Plaintiff that Counts II and III would proceed to trial, and not to limit the issue of liability or to, in the alternative, remove or delete any claims which were pending by the Defendant’s Counterclaim. The wording of the third para-' graph of the Stipulation indicates that the trial of the matter would be the issues contained in Count II and III. The words “if any,” stated with reference to the issue of damages, were included within the text of paragraph 4 of the Stipulation to provide for the possible adjudication that Coppola Enterprises, Inc., would be absolve [sic] of liability for breach of the parties’ contract.
It was error to proceed to summary judgment against the defendant in favor of the plaintiff based upon an analysis of the stipulation without taking testimony. This becomes evident when one considers not only the affidavit, but also the right of the plaintiff to nominal damages if the breach was established.[1] In view of such right, why the need for the words “if any” in the stipulation? Moreover, with the security finally produced as a result of court order well over two years after the stipulation’s execution, it seems that if reasonable substantial doubt exists as to the meaning of the stipulation, construction should favor trial upon the merits as to the limited issues *924 of liability for damages and the amount of damages if liability is proven.
With respect to the broker/cross claimant, it was awarded summary judgment only because of the trial court’s earlier determination that no issue existed as to the defendant’s liability. We herewith reverse judgment entered in favor of the buyer/plaintiff; and by our reversal, such determination as well as the cross claimant’s judgment must logically fall. Therefore, we also reverse the latter judgment and remand the matter for further proceedings. On remand we urge the trial court to have the parties thoroughly research all questions, including one that particularly concerned the writer of this opinion at oral argument; namely, whether, if the seller’s liability is hereafter established, the broker can recover from the seller a commission again, having received an earlier commission.
HERSEY, J., and ANDREWS, ROBERT LANCE, Associate Judge, concur.

. See Motorola Communications & Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042, 1043 n. 6 (Fla. 4th DCA 1983); Muroff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980), petition for review denied, 392 So.2d 1377 (Fla. 1981).