626 So.2d 974 (1993)
Robert D. GREEN, Appellant,
v.
CSX TRANSPORTATION, INC., Appellee.
No. 92-3179.
District Court of Appeal of Florida, First District.
October 8, 1993.
Rehearing Denied December 2, 1993.
*975 James A. Warfield, Warfield & Associates, P.A., Pensacola, for appellant.
A.G. Condon, Jr. and Karen O. Emmanuel, Emmanuel, Sheppard & Condon, Pensacola, for appellee.
PER CURIAM.
This is an action brought by Robert Green against his employer, CSX Transportation (CSX), pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. Relying upon Moody v. Main Central Railroad Co., 823 F.2d 693 (1st Cir.1987), CSX convinced the trial court to grant a defense summary judgment. Moody, however, turned upon the federal summary judgment standard, see generally Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), a standard that has not been adopted by the Florida Supreme Court. Paragraph 4 of the summary judgment order indicates that the trial court placed the burden upon Green to produce evidence that the negligence of CSX contributed to producing the injury for which damages are sought. Under Florida law, however, the party moving for summary judgment is required to conclusively demonstrate the nonexistence of an issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). The movant's unsworn motion for summary judgment is not sufficient to rebut the allegations of an unsworn complaint, which must be accepted as true for the purposes of a motion for summary judgment, unless conclusively disproven. See Graff v. McNeil, 322 So.2d 40 (Fla. 1st DCA 1975). CSX did not carry its burden under Florida law. See Henderson v. CSX Transportation, Inc., 617 So.2d 770 (Fla. 1st DCA 1993) (FELA actions in state courts are subject to forum state's procedural rules). Accordingly, the trial court erred by requiring appellant to submit evidence of causation, and further erred in granting summary judgment.
We REVERSE the order on appeal, and REMAND the case for further proceedings. By this reversal, we also VACATE the trial court's rulings concerning the admissibility of Dr. William Taylor's deposition testimony. The admissibility of this testimony should be reconsidered if, and when, the evidence is proffered at trial or otherwise.
SMITH, KAHN and LAWRENCE, JJ., concur.