969 So.2d 509 (2007)
Bonnie LAUGHLIN, Appellant/Cross-Appellee,
v.
HOUSEHOLD BANK, LTD. and Phillips and Cohen Associates, Ltd., Jane Doe, a/k/a Ms. Sheridan and Hiday and Ricke, P.A., Appellees/Cross-Appellants.
No. 1D06-0005.
District Court of Appeal of Florida, First District.
November 20, 2007.
Bruce Committe, Pensacola, for Appellant/Cross-Appellee.
Enrico Gonzales, Terrace; and R. Glenn Arnold of Arnold & Wilkins, Pensacola, for Appellees/Cross-Appellants.
VAN NORTWICK, J.
Bonnie Laughlin appeals a final summary judgment entered against her in her Florida Consumer Collection Practices Act *511 (FCCPA) action against Phillips and Cohen Associates, Ltd. and Jane Doe a/k/a Ms. Sheridan (collectively Phillips), appellees. Laughlin argues that the trial court erred in granting summary judgment when disputed issues of material fact remain and in failing to grant a continuance of the hearing relating to the motion for summary judgment. Phillips cross appeals the trial court's denial of a motion for expenses and motion for sanctions, fees and costs. We agree that disputed issues of material fact remain. Accordingly, we reverse and remand the trial court's grant of summary judgment. We affirm as to all other issues raised on appeal and cross-appeal.
Household Bank, N.A. sued Laughlin to collect on a credit card debt which had become delinquent. In response to Household's complaint, Laughlin defended the claim and filed a counterclaim alleging multiple violations of FCCPA by Household. The trial court granted summary judgment on Household's claim of money owed and granted Household's motion to dismiss the FCCPA counterclaim. In a separate appeal, Laughlin has appealed these orders.
Laughlin also filed suit against two collection agencies retained by Household, Phillips and Hiday and Ricke, asserting a violation of FCCPA. Laughlin voluntarily dismissed Hiday and Ricke early in the litigation and summary judgment was granted in favor of Phillips. The issues before us in this appeal concern only Laughlin's claim of a violation of FCCPA by Phillips.
Laughlin asserts that multiple violations of FCCPA were committed by Phillips. More particularly, Laughlin alleges that Phillips has violated subsections (4), (5), (7), and (10) of Section 559.72, by communicating with her employer about the debt owed to Household.[1] In her complaint, she alleged that a representative of Phillips called Laughlin's office and spoke with her supervisor, Susan Baker. In deposition, Baker testified regarding a message slip that she created in response to a phone call for Laughlin which she had answered. On the slip was written, the name of the caller, the phone number for Laughlin to call, a case number, and two agents for Laughlin to contact. Also, Baker had written at the bottom of the message "Phillips and Cohen", "Household Bank" and "credit card fraud". Baker testified *512 that she does not remember the details of the call, but says that she would not have written the information down if it had not been so conveyed over the phone. Further, Phillips' records show that on November 11, 2002, the date appearing on the message slip, a collection agent from Phillips spoke with Baker.
Laughlin also asserts that Phillips violated Section 559.72(18), which prohibits direct contact with the debtor once the creditor knows that the debtor has retained counsel.[2] Laughlin provided an affidavit from her former counsel stating that on December 11, 2002, he sent a letter to Phillips, via fax, informing Phillips of his representation of Laughlin and instructed Phillips to cease and desist collection efforts. Laughlin testified that she was contacted by Phillips by telephone on December 13, 2002. Phillips responds that they did not receive notice that Laughlin was represented until December 16, 2002, at which time they assert that they made no further contact with Laughlin.
Laughlin also alleges that an employee of Phillips, Layn Offenberger (a/k/a Ms. Sheridan), violated Section 559.72(7) and (8), by willfully speaking to her in an abusive and threatening manner.[3] Laughlin produced a handwritten summary of what she alleges Offenberger said to her on the telephone. Laughlin asserts that Offenberger said, "Do you know who you're dealing with here? Well, I'll tell you who you're dealing with. This is a multi-million dollar corporation . . . They're going to embarrass you Bonnie. They're going to embarrass you real bad." She also has notations throughout the summary of the conversation which state that Offenberger was loud, aggressive and abusive in the conversation. In deposition, Offenberger denied having said the alleged statements and denies having spoken to Laughlin in an abusive manner.
Laughlin also claims that she lost her job as a result of Phillips' contact with her employer. Phillips produced the letter of termination, however, which states that Laughlin's employment was terminated for poor performance and behavior unbecoming a state official. Further, Phillips provided testimony of Laughlin's supervisors that Laughlin's credit issues were not taken into consideration when deciding to terminate her employment. In response, Laughlin asserts that the embarrassment of the phone call to her employer affected her job performance, which subsequently led to her firing.
"The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So.2d 196, 200-201 (Fla.1976). The FCCPA is to be construed in a manner that is protective of the consumer. See Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the federal *513 Fair Debt Collection Practices Act, the provision that is more protective of the debtor prevails). The Florida Legislature, in enacting the FCCPA, has "further defined and protected an individual's right of privacy in this state." Collection Bureau of Orlando v. Continental Casualty Co., 342 So.2d 1019, 1020 (Fla. 4th DCA 1977); See also Terri Jayne Salt, Note, Fair Debt Collection Practices: Analysis of Florida and Federal Law, 30 U. Fla. L.Rev. 892, 905 (1978).
"The party moving for summary judgment is required to conclusively demonstrate the nonexistence of a material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Green v. CSX Transp., Inc., 626 So.2d 974, 975 (Fla. 1st DCA 1993) (citing Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977)). Summary judgment should not be granted, and the trial court should not enter summary judgment unless the facts are so crystallized that nothing remains but questions of law. McCraney v. Barberi, 677 So.2d 355, 357 (Fla. 1st DCA 1996). If the evidence will permit different reasonable inferences, it should be submitted to a jury as a question of fact. Id.
Laughlin's allegations, supported by facts in depositions and an affidavit, considered in the light most favorable to Laughlin, create issues of material fact. For example, record evidence gives rise to questions of fact as to whether an employee of Phillips spoke with Baker, Laughlin's supervisor, with respect to the collection of the debt in violation of Section 559.72(4); and whether Laughlin's former counsel provided notice of representation to Phillips, after which representatives of Phillips contracted Laughlin in violation of Section 559.72(18). Further, there is conflicting testimony from Laughlin and Offenberger concerning whether Offenberger made abusive statements to Laughlin. It is the role of the trier of fact to hear the testimony of the various witnesses concerning these matters, assess the credibility of the witnesses, and determine whether the facts give rise to a violation of FCCPA.
Phillips argues that, even if it violated FCCPA, Laughlin has not incurred any damages and, thus, Phillips is entitled to summary judgment. We cannot agree. Section 559.77, Florida Statutes (2002), provides the civil remedies available for violations of the FCCPA. As the Supreme Court determined in Harris, 338 So.2d at 200, by enacting section 559.77, the Legislature intended to authorize actual damages, common-law punitive damages, and minimum statutory damages of $500. The Harris court explained the purpose of the statutory damages:
[T]he minimum award reasonably can be construed as providing a penalty designed to dissuade consumer collection agencies from engaging in the conduct proscribed, even where the legal standard of malice is not met.
* * *
[T]he minimum award afforded by the statute exhibits aspects of both liquidated and punitive damages. It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide.
Accordingly, Laughlin is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA.
Phillips also asserts that Laughlin has not shown that the communications with Laughlin's employer has affected her reputation *514 and that, under Heard v. Mathis, 344 So.2d 651 (Fla. 1st DCA 1977), the section 559.72(5) claim cannot proceed. In Heard, this court determined that to bring a claim based on a violation of section 559.72(5), one must show: "(1) that there was a disclosure of information to a person other than a member of the debtor's family, (2) that such person does not have a legitimate business need for the information, and (3) that such information has affected the debtor's reputation." Id. at 655. If the jury finds that Phillips contacted her supervisor and told her that Laughlin had committed credit card fraud, a reasonable juror could believe that Laughlin's reputation has been affected. Whether or not this communication was the cause of the loss of her job does not dispose of the issue. Such a showing would only lead to a more concrete calculation of damages. As discussed above, by enacting section 559.77, the Legislature intended to provide statutory damages in an area where the amount of damages are difficult to calculate.
In sum, we find that issues of material fact exist. In light of these factual conflicts, we hold that summary judgment was erroneously entered in favor of Phillips and Offenberger.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
LEWIS, and ROBERTS, JJ., concur.
NOTES
[1] Section 559.72, Florida Statutes (2002), provides, in pertinent part:

In collecting consumer debts, no person shall:
* * * * * *3
(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained;
(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;
(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;
(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;
[2] Section 559.72(18), Florida Statutes (2002), provides:

In collecting consumer debt, no person shall:
(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;
[3] Section 559.72(8), provides:

Collecting consumer debt, no person shall:
(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;