PER CURIAM.
In this negligence action under the Federal Employers Liability Act (FELA), John W. Tillman appeals a final summary judgment entered in favor of Florida East Coast Railway, LCC (FEC), appellee. For the reasons that follow, we reverse.
*693 In his complaint, Tillman alleged that he “was injured as a result of [FEC’s] breach of duty when, as he attempted to operate the old yard/new yard lead switch, the switch suddenly and unexpectedly failed to function in a customary and reasonably safe manner in that it was excessively hard to operate causing [him] to sustain serious and permanent injury.” He further alleged that FEC was negligent in failing to exercise reasonable care to provide him with a reasonably safe place to work; in failing to maintain its track switches in a reasonably safe and operable condition; and in failing to inspect, discover, correct, repair and/or warn him of the defective condition of the switch which the railroad knew or should have known through the exercise of reasonable care, presented an unreasonable risk of harm to him in the performance of his duties.
Although there are numerous factual disputes apparent from the record, the evidence in the record would clearly support an inference by the jury that FEC knew about the age and deteriorating condition of its old low stand switches and knew that these switches were susceptible to becoming difficult to operate if not serviced on a weekly basis. The evidence would also support the inference that FEC continued to operate these old switches despite its knowledge that it did not have sufficient personnel with which to complete the necessary inspections and maintenance of these switches. Under the Florida summary judgment standards, Henderson v. CSX Transportation, Inc., 617 So.2d 770, 772 (Fla. 1st DCA 1993) (“FELA actions tried in state courts are generally subject to the forum state’s procedural rules.”), the trial court erred in granting summary judgment. See also Green v. CSX Transp., Inc., 626 So.2d 974 (Fla. 1st DCA 1993) (reversing where trial court relied upon federal decision which employed federal summary judgment standard).
REVERSED and REMANDED for proceedings consistent with this opinion.
WEBSTER, VAN NORTWICK, and THOMAS, JJ., concur.