PER CURIAM.
The sole bases upon which the trial court entered summary judgment for the defendants-appellees were (1) its conclusion that an assignment of a portion of a promissory note is enforceable against the obligors only if the obligors consent in writing and (2) the related but separate conclusion that the ob-ligors’ oral consent, if any, to the splitting of the indebtedness is barred by the statute of frauds.
First, it is axiomatic that no agreement need be in writing unless required by statute or contract. Here there was no contract between the parties that required that a partial assignment of the indebtedness be agreed to in writing by the obligors; and no Florida statute imposes such a requirement.
Second, contrary to the appellees’ contention, the consent of the obligors is not a “promise to answer for the debt ... of another person,” an action upon which is barred by the statute of frauds if not in writing, see § 725.01 Fla.Stat. (1979), but instead is merely the obligors’ consent to pay part of their own debt to another.
Therefore, since a writing was not required and there remains a genuine issue of material fact whether the obligors orally consented to the assignment, the summary judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.