430 So.2d 567 (1983)
Arnold B. BRAUN, Appellant,
v.
RYDER SYSTEMS, INC., Appellee.
No. 82-1588.
District Court of Appeal of Florida, Third District.
May 3, 1983.
*568 White & Case and Robin Colin-Greene, New York City, for appellant.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
BARKDULL, Judge.
Appellant, plaintiff in the trial court, seeks review of a summary final judgment in favor of Ryder Systems, Inc., entered by the trial court in an action for breach of an employment contract. We reverse.
The basic facts upon which the summary judgment was entered shows that the plaintiff, Arnold Braun, was an employee of Ryder Systems, Inc. for a period of 17 years. On November 14, 1975, Braun entered into a consulting agreement with Ryder Systems, which contained a noncompetition agreement. The consulting agreement was to ultimately run until February 28, 1979. Shortly after entering this agreement Mr. Braun began working for James R. Ryder, the founder of Ryder Systems, Inc., in a personal capacity. On June 6, 1978, James A. Ryder severed all ties with Ryder Systems, Inc., and was released from his agreement not to compete. At that time Braun expressed concern to Ryder Systems, Inc., Chief Executive officer and its general counsel[1] about what effect the release of James A. Ryder would have on his consulting agreement with Ryder Systems, Inc., and its noncompetition clause because of his affiliation with James A. Ryder. Thereafter, Ryder Systems' general counsel informed Braun everything would be alright as long as Braun kept a "low profile". In reliance thereon Braun continued to work for James A. Ryder keeping what he believed to be a "low profile". During this period Braun was named as director of Jartran, a new and competing company formed by James A. Ryder. On September 26, 1978, Ryder Systems, Inc. terminated Braun's consulting agreement.
In moving for a summary judgment, the moving party has the burden of conclusively showing the absence of a genuine issue of a material fact. If the existence of such issues or the possibility of their existence is reflected in the record, or the record raises the slightest doubt in this respect, the summary judgment must be reversed. Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA 1976); Williams v. Florida Realty & Management Co., 272 So.2d 176 (Fla. 3d DCA 1973).
The pleadings, depositions and affidavits in the instant case clearly show that the defendant has failed to meet this burden because there is a genuine issue of a material fact as to whether or not Ryder Systems, Inc., agreed to a modification of the noncompetition agreement if Braun kept a "low profile;" whether or not Braun changed his position in reliance on this oral modification; and whether or not Braun actually kept a "low profile" before the termination. Therefore, the summary final judgment appealed herein is hereby reversed.
Reversed and remanded.
FERGUSON, Judge (dissenting)
For the sake of argument I would agree with the majority that "there is a genuine *569 issue of a material fact as to whether or not Ryder Systems, Inc., agreed to a modification of the noncompetition agreement". But that determination is not dispositive of the case. If there were no valid modification of the agreement, appellant loses because he has unquestionably accepted employment with appellee's competitor. If there were a valid modification whereby employment with a competitor would not, per se, be considered a breach of the agreement, we would further have to consider part two of the modified agreement, i.e., whether in the employ of James A. Ryder, appellant maintained a "low profile". In light of facts relative to the second point, summary judgment was still appropriate.
It is clear from the record, and beyond dispute, that appellant, contrary to his promise to maintain a "low profile", in fact maintained an extremely "high profile" in Mr. Ryder's competitive efforts  in breach of the agreement as modified. Not only was appellant named one of three officers of the competing Jartran corporation, he also traveled extensively with Mr. Ryder in seeking new business opportunities and personnel, in direct and open competition with appellee.
I would affirm.
NOTES
[1] Mr. James M. Herron is both general counsel and Executive Vice-President of Ryder Systems, Inc.