441 So.2d 173 (1983)
MONROE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
NEW PORT LARGO, INC., a Florida Corporation, Appellee.
No. 83-1071.
District Court of Appeal of Florida, Third District.
November 15, 1983.
*174 Lucien C. Proby, Jr., Key West, Straughn, Sharit, Bunn & Chilton, Winter Haven, for appellant.
Taub & Williams and Marsha G. Rydberg, Tampa, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Monroe County appeals a summary judgment in favor of defendant, New Port Largo, Inc., in an action seeking a determination that the county is the true owner of the disputed Port Largo Airport property and requesting the imposition of a constructive trust upon the subject property for the benefit of the county. The property was originally owned by the State of Florida as an undeveloped, submerged land parcel. It was subsequently purchased from the state and developed into a landing strip. The landing strip had been operating as a public airport until its acquisition by New Port Largo, Inc. Learning that New Port Largo intended to terminate use of the land as a public airport, the county commenced litigation on the predicate that New Port Largo, or its predecessors in title, acquired title to the land as a result of written and verbal representations that the developer would construct a breakwater, develop the airport and ultimately donate the airport to Monroe County.
It is well settled that summary judgment is improper where the pleadings and record reflect issues of material fact. Levey v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1981); Pepe v. Shepherd, 422 So.2d 910 (Fla. 3d DCA 1982); Ultra Marine Corp. v. Bryant, 375 So.2d 613 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 634 (Fla. 1980). Our review of the record reveals the existence of conflicting evidence relating to the circumstances surrounding the construction of the breakwater and airstrip and to the intent of defendant's predecessor in title in purchasing and developing the landing strip. It is axiomatic that a summary judgment may not be entered if the record reflects the existence of genuine issues of material fact or raises even the slightest doubt regarding such issues. Braun v. Ryder Systems, Inc., 430 So.2d 567 (Fla. 3d DCA 1983); Dobbs v. Doblitz, 425 So.2d 1207 (Fla. 4th DCA 1983). Finding that the record discloses the existence of issues of material fact surrounding the purchase and development of the Port Largo Airport property, we hold that the trial court erred in entering summary judgment. Accordingly, we reverse and remand for a trial on the merits.
Reversed and remanded.