NESBITT, Judge.
The Garcias issued several worthless cheeks to Scientific Products. After unsuccessfully attempting to collect on the checks, Scientific Products turned over the dishonored checks and all other relevant information to the state attorney. The state attorney’s office filed charges against Charles Garcia which were eventually dropped. Subsequently, the Garcias brought the present' action for malicious prosecution against Scientific Products. From a final judgment awarding the plaintiff compensatory and punitive damages, Scientific Products appeals. We reverse.
Section 832.07(l)(a), Florida Statutes (1979) provides a method by which one who receives a worthless check may attempt to collect payment. It states, in part:
Any party holding a worthless check and giving notice in a substantially similar form to that provided above shall be immune from civil liability for the giving of such notice and for proceeding under the forms of such notice.
Having followed the required procedure in the present case, the defendant must be immune from liability.
*1020 Even in the absence of statutory immunity, we find that the plaintiff has not shown that the defendant was responsible for instituting or instigating the criminal prosecution as is required in an action for malicious prosecution. Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1942). The defendant in accordance with section 832.07(l)(a) turned over the information to the state attorney. Having stated the facts as he understood them, and leaving the decision as to prosecution to the state attorney, the defendant is not liable for malicious prosecution. Florida East Coast Ry. v. Groves, 55 Fla. 436, 46 So. 294 (1908).
For the foregoing reasons, we reverse and remand with directions to enter judgment in favor of the defendant.