BARFIELD, Judge.
Paula Vann Goings appeals from a final order dismissing her complaint against West Florida Hospital. Appellant alleges that the trial court erred in granting the Hospital’s motion to dismiss based upon the trial court’s finding that section 832.07, Florida Statutes (1983) grants immunity from civil liability to West Florida Hospital. We agree and reverse.
Paula Vann Goings brought an action against Pensacola Home and Savings Association for wrongful dishonor of a ten dollar check drawn by her payable to West Florida Hospital, and against West Florida Hospital for false arrest and malicious prosecution arising from the dishonor of the check. The Hospital had referred the matter to the state attorney’s office for appropriate action after it had twice deposited the check for collection and the savings association had twice refused payment thereon, returning the check to the Hospital marked “insufficient funds.”
Section 832.07(l)(a), Florida Statutes (1983), provides that the making of a worthless check is prima facie evidence of the intent to defraud or knowledge of insufficient funds to cover the check unless the maker
shall have paid the holder thereof the amount due thereon, together with a service charge not to exceed $10 or 5 percent of the face amount of the check, whichever is greater, within 7 days after receiving written notice that such check, draft, or order has not been paid to the holder thereof.
The statute provides that the form of such notice should include a statement to the *980 effect: “Unless this amount is paid- in full within the time specified above, the holder of such check may turn over the dishonored check and all other available information relating to this incident to the state attorney for criminal prosecution.” (emphasis supplied). Under the statute, any party holding a worthless check and giving notice in a substantially similar form to that provided in the statute “shall be immune from civil liability for the giving of such notice and for proceeding under the forms of such notice.”
The complaint alleges that the Hospital gave notice substantially in conformance with the statute; however, the complaint also alleges that appellant responded to that notice by letter, asserting that the bank had erred in dishonoring her check, tendering a cashier’s check for ten dollars, and requesting waiver of the ten dollar service fee, and .further, that the Hospital had accepted appellant’s cashier’s check.
The trial court dismissed the complaint on the premise that the Hospital, having given the notice contemplated by the statute, was immune from civil liability, relying on Scientific Products v. Garcia, 442 So.2d 1019 (Fla. 3d DCA 1983), pet. for rev. dism., Garcia v. Scientific Products, 447 So.2d 886 (Fla.1984). Scientific Products v. Garcia is not dispositive of this case, however, because that decision does not indicate that any information was withheld from the state attorney as is alleged in the complaint sub judice.
We have found no Florida case that deals with the immunity provision in the face of an allegation of withheld information as alleged in this complaint. Looking to other jurisdictions, we find that Georgia has dealt with a similar situation. The Georgia “bad check” statute, § 26-1704(a), Criminal Code of Georgia, is substantially similar to the Florida statute with regard to the notice and immunity provisions. This statute was interpreted by the Georgia Court of Appeals in Stallings v. Coleman, 165 Ga. App. 667, 302 S.E.2d 412 (Ga.Ct.App.1983). Stallings brought ah action against a merchant to recover for malicious prosecution and false imprisonment as a result of bad check charges; the trial court granted a motion for summary judgment in favor of the merchant. In an affidavit in opposition to the motion for summary judgment, Stall-ings averred that, upon receipt of notice from his bank, he contacted the merchant’s agent and informed her that the check received by the merchant was one of several which had been stolen from Stallings. Nonetheless, a warrant for his arrest issued after he did not respond to the statutory notice. In reversing the summary judgment, the court observed:
In order for the immunity provided in subsection (C) to attach, it must appear that the notice was sent and that the holder of the check proceeded “under the forms of such notice.” It is clear from the record that appellee did send the correct notice. However, it does not appear that appellee then proceeded under the form of the notice ... There is no showing in the record that appellee informed the authorities of the information given to his agent by appellant. Therefore, it cannot be said that appellee has borne his burden as movant to demonstrate his entitlement to the immunity granted in § 26-1704: appellee did not show that he gave all available information to the police.
302 S.E.2d at 413.
We are persuaded that the holding in Stallings v. Coleman, is correct and should apply to the allegations of the complaint in this case. Since appellant did not pay the service fee provided in the statute, the Hospital was entitled to refer the matter to the state attorney for prosecution. However, in order to be entitled to the immunity granted by the statute, the Hospital must have proceeded under the form of the notice, by turning over all other available information relating to the incident to the state attorney.
REVERSED.
SMITH and ZEHMER, JJ., concur.