462 So.2d 112 (1985)
Joan Connor ORR, et al., Appellants,
v.
BELK LINDSEY STORES, INC., Appellee.
No. 84-68.
District Court of Appeal of Florida, Fifth District.
January 17, 1985.
*113 George L. Clapham, Orlando, for appellants.
Lora A. Dunlap and Reinald Werrenrath, III, of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
The Orrs appeal from an order dismissing with prejudice their third amended complaint against Belk Lindsey Stores, Inc., for malicious prosecution. We agree with the Orrs that the complaint sufficiently pleaded all of the required elements of a malicious prosecution action and accordingly reverse the order of dismissal.
In a malicious prosecution action, the plaintiff must plead and prove a concurrence of the following six elements:
(1) the commencement or continuation of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against the plaintiff; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff.
Wright v. Yurko, 446 So.2d 1162 (Fla. 5th DCA 1984); Cazares v. Church of Scientology of Cal., 444 So.2d 442 (Fla. 5th DCA 1983). Here the parties raise only the question of whether the first and second elements set out above were sufficiently pleaded by the Orrs.
In their third amended complaint, the Orrs alleged in relevant part as follows:
3. On October 19, 1980, Pam Folsom was employed by the Defendant [Belk Lindsey] as a clerk; that on the same date, John Guy Warrington, was also employed by the Defendant as a store detective. Both were working at the Defendant's store at approximately 4:30 in the afternoon on that date.
4. At that time, Pam Folsom informed John Guy Warrington, that:
1. The Plaintiff was in BELK LINDSEY
2. The Plaintiff was a known shoplifter
3. The Plaintiff had been apprehended by BELK's security in the past for shoplifting.
5. John Guy Warrington, acting as the agent of the Defendant, subsequently executed a sworn statement to the Orlando Police Department stating that he had observed the Plaintiff remove an Agner Reversible Coat from a rack within the Defendant's store, stuffed it inside her pants and left the store with the coat. A copy of the statement is attached hereto and marked Exhibit "A."
6. As a direct result of John Guy Warrington's sworn statement, the Orlando Police Department arrested the Plaintiff on December 12, 1980, at which time she was booked, fingerprinted, photographed and incarcerated in the Orange County jail. Prior to that time, she had never been arrested, charged or convicted of a crime. As a *114 direct result of a sworn statement of John Guy Warrington, an Information was filed by the State of Florida against the Plaintiff charging her with violation of Florida Statute 812.014, that the Plaintiff was tried before a jury beginning May 27, 1981, and was found not guilty on May 29, 1981. A copy of the Information is attached and marked Exhibit "B" and the Amendment thereto is attached and marked Exhibit "C."
7. The Defendant, through its agent, John Guy Warrington, did not have probable cause to execute the sworn statement marked Exhibit "A" because:
1. The Plaintiff had never been apprehended by BELK security in the past for shoplifting.
2. The Plaintiff was not a known shoplifter in the Colonial Mall and had in fact never had been stopped, questioned, or accused of being a shoplifter at any location within Colonial Mall, or at any other place.
3. It was shown during the trial of the criminal charges against the Plaintiff that it was impossible for her to stuff an Agner Reversible Coat in her pants and leave the store.
8. The Defendant's employees' acts as set forth herein were done maliciously, falsely, unreasonably and without probable cause.
It is clear that the first element of a malicious prosecution action, that of the commencement of an original criminal proceeding, was sufficiently pleaded. The Orrs alleged not only that Mrs. Orr had been arrested, but also that an information had been filed against her and that she had been tried on the charge of grand theft. In light of these allegations, the "commencement of criminal proceedings" element was sufficiently pleaded and did not render the complaint subject to dismissal. See Erp v. Carroll, 438 So.2d 31, 40 (Fla. 5th DCA 1983) ("Here it is generally considered that ... criminal prosecutions are commenced with the filing of an information").
The second element of a malicious prosecution action, that is, that the defendant instigated or was the "legal cause" of the criminal proceedings against the plaintiff, also was sufficiently pleaded. The general rule is that if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer or if the officer makes an independent investigation, the defendant is not regarded as having instigated the proceeding. However, if the defendant's persuasion is the determining factor in inducing the officer's decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant may be held liable. Prosser, The Law of Torts 837 (4th ed. 1971). See also Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 So. 294, 297 (1908). Here, the Orrs alleged that the acts of the Belk Lindsey employees were done "falsely." The Orrs also alleged that there was absolutely no basis for the accusation that Mrs. Orr was a "known shoplifter" and that Belk Lindsey knew or should have known for at least five years that its employees had referred to her as a "known shoplifter." Accepting all facts pleaded as true and drawing all inferences in favor of the Orrs,[1] the complaint satisfies the "legal causation" element by in essence alleging that Belk Lindsey employees gave false information to public officials. Pokorny v. First Federal Sav. & Loan Ass'n, 382 So.2d 678 (Fla. 1980), the case relied upon by the trial court, is clearly distinguishable as in that case there were no allegations that the defendant's employees gave false information to public officials who later detained Pokorny.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] See Cazares v. Church of Scientology; Bolton v. Smythe, 432 So.2d 129 (Fla. 5th DCA 1983).