WIGGINTON, Judge.
Appellant appeals the summary final judgment entered in favor of appellee hospital in her suit against the hospital for false arrest and malicious prosecution which arose from the filing of criminal charges against her as a result of the dishonor of a check she had made payable to the hospital. We reverse.
In appellant’s initial case before us, Goings v. West Florida Hospital, 461 So.2d *1255 979 (Fla. 1st DCA 1984), this Court reversed a final order dismissing appellant’s complaint against the hospital on the ground that the immunity from civil liability provided under section 832.07(l)(a), Florida Statutes (1983) (which is granted to any party who holds a worthless check and gives notice in a substantially similar form to that provided in the statute), was not available to the hospital since appellant’s complaint alleged that, in turning the dishonored check over to the state attorney’s office for prosecution, the hospital did not submit to the state attorney’s office all other available information relating to the incident, as required by the statute.
Following that decision, the hospital moved for summary judgment on appellant’s complaint in the trial court, asserting that the undisputed evidence shows that it had adequate probable cause to request prosecution of appellant under the circumstances alleged in the complaint. Although there is no dispute over the fact that the hospital complied with the notice provisions of section 832.07, disputed questions of fact relating to the probable cause issue which are sufficient to defeat a motion for summary judgment abound within the complaint filed by appellant and the affidavits and depositions filed by the parties. For example, as recognized in this Court’s above-referenced opinion in Goings, a disputed question of fact exists as to whether the hospital turned over all available information to the state attorney’s office in pursuing criminal prosecution of appellant and thereby, as this Court held, was unable to avail itself of the immunity afforded by section 832.07. Other disputed questions of fact exist as to the hospital’s knowledge of appellant’s attempt to redeem her dishonored check by immediately sending payment upon receipt of her 832.07 notice from the hospital. Compare this Court’s decision in Harris v. Lewis State Bank, 482 So.2d 1378, 1382 (Fla. 1st DCA 1986), in which the court declared:
Probable cause has been defined as “a reasonable ground of suspicion, supported by the circumstances, that the person accused is guilty of the offense charged.” [Footnote omitted.] Where it would appear to a “cautious man” that further investigation is justified before instituting a proceeding, liability may attach for failure to do so, especially where the information is readily obtainable, or where the accused points out the sources of the information. [Footnote omitted.] A lack of probable cause may be established by proof that a criminal proceeding was instituted on facts that could as well be explained innocently. [Footnote omitted.]
As a result of the disputed issues of fact which remain unresolved, the question of probable cause should be presented to the trier of fact and was improperly determined on summary judgment.
REVERSED.
ERVIN and BARFIELD, JJ., concur.