ORFINGER, Judge.
Plaintiffs appeal from a summary final judgment entered against them in their malicious prosecution action.[1] Because material issues of fact remain for resolution, we reverse.
The essence of plaintiffs’ complaint was that the defendant’s agents had maliciously given false information to the authorities that plaintiff Joan Orr was a known shoplifter and that she had stolen a coat from defendant’s store. On the basis of this false information, she was arrested and prosecuted for shoplifting, and was subsequently acquitted by a jury. Following our remand in the first appeal, (Orr I), Belk’s filed a motion for summary judgment supported by the affidavit of the Chief Assistant State Attorney for the circuit where Orr was prosecuted, the pertinent portions of which read as follows:
(4) That as Chief of Criminal Intake for the State Attorney’s Office, I reviewed the file on Joan Conner Orr, Case No.: CR80-5148, and made an independent determination that there was sufficient evidence to substantiate the allegations in the Information.
(5) That this determination was based upon statements obtained from witnesses and other evidence available sufficient to determine that the case could be proved beyond every reasonable doubt and to a moral certainty.
To counter this affidavit, each plaintiff submitted an affidavit which merely said that *715 based on the personal knowledge of the respective affiant, the allegations in the complaint were true.
Because we do not consider that appellee met its initial burden of demonstrating the absence of any material issue of fact, Landers v. Milton, 370 So.2d 368 (Fla.1979), we need not discuss its contention that the appellants’ affidavits were insufficient to show that an issue of fact existed.[2]
Defendant’s affidavit is deficient for several reasons. First, it does not say when the affiant reviewed the file in the 1980 criminal proceeding. If the review was made after the information was filed, (as seems to be the case) then the affidavit is merely the opinion of the attorney that the file reflects probable cause to prosecute. An information must contain the affirmation of the prosecuting officer that it is brought in good faith, Fla.R.Crim.P. 3.140(g), so the affidavit of the same or another prosecutor which, in effect, says that there appeared to be probable cause to prosecute adds nothing to the effect of the information itself. Both sides agree that the filing of the information by a prosecutor cannot be taken as conclusive evidence of probable cause. Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla.1986). Therefore, the affidavit of the assistant state attorney did not conclusively establish the existence of probable cause.
Moreover, the affidavit at best shows only that the State Attorney’s Office might have had probable cause to prosecute, but it does not address, nor did the defendant carry its burden of addressing the allegation that defendant’s agents maliciously gave false information to the authorities on the basis of which Orr was arrested and prosecuted. As we pointed out in Orr I,
The general rule is that if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer or if the officer makes an independent investigation, the defendant is not regarded as having instigated the proceeding. However, if the defendant’s persuasion is the determining factor in inducing the officer’s decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant may be held liable. Prosser, The Law of Torts 837 (4th ed. 1971). See also Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 So. 294, 297 (1908). [Emphasis added].
462 So.2d at 114.
There is a factual conflict to be resolved and the summary judgment was erroneously entered.
REVERSED and REMANDED.
UPCHURCH, C.J., and COBB, J., concur.

. This is the second appearance of this case before this court. In Orr v. Belk Lindsey Stores, Inc., 462 So.2d 112 (Fla. 5th DCA 1985) (Orr I) we reversed a final order which had dismissed plaintiffs’ complaint for failure to state a cause of action. For a more detailed statement of the allegations in this case, see Orr I.

. On the sufficiency of affidavits which merely affirm the allegations of the affiant’s pleading, see Hurricane Boats, Inc. v. Certified Industrial Fabricators, Inc., 246 So.2d 174 (Fla. 3d DCA 1971) and Dean v. Gold Coast Theaters, Inc., 156 So.2d 546 (Fla. 2d DCA 1963).