## GRABITZ, et al. v RIANO
### Case No. 88-1127CC
County Court, Lee County

September 7, 1988

### APPEARANCES OF COUNSEL

**Christopher G.L. Titus, Pavese, Garner, Haverfield, Dalton, Harrison & Jensen,** for plaintiffs.

**Maria L. Green** for defendant.

### OPINION OF THE COURT

JAY B. ROSMAN, County Judge.

THE PLAINTIFFS seek damages from the defendant who won Five Thousand Dollars ($5,000.00) in the Florida Lottery. The plaintiffs claim that the parties entered into a valid contract from which the winning ticket was derived. The defendant maintains the parties never reached an agreement and is entitled to the entire amount. This Court agrees with the plaintiffs and grants a judgment against the defendant in the amount of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00) together with court costs.

The plaintiffs, GLORIDA GRABITZ, STANLEY BAKER, JR., and RUTH HATHAWAY, and the defendant, BETTY RIANO, worked in the defendant's beauty salon, BETTY'S MAGIC MIRROR, in February of 1988. The parties agreed that they began a lottery pool by each contributing Five Dollars ($5.00) towards the purchase of

twenty (20) lottery tickets. After the tickets were bought, each would get five (5) tickets to scratch off to see the results. The plaintiffs testified that any amounts won over Fifty Dollars ($50.00) would be divided equally. Any amounts won under Fifty Dollars ($50.00) would be returned to the pool to purchase additional tickets. The defendant agreed that any amounts won over Fifty Dollars ($50.00) would be divided among the parties. However, the defendant claimed that any amounts won under Fifty Dollars ($50.00) would be kept by the individual who scratched off that ticket.

During the second week of the lottery pool the defendant obtained a winning Five Thousand Dollar ($5,000.00) lottery ticket. The plaintiffs maintain the ticket was derived from the pool, and its proceeds were required to be divided equally. The defendant argues that she obtained the winning ticket after scratching off a free ticket from the pool, turning that in for a Five Dollar ($5.00) ticket, and exchanging it for five more tickets which brought the Five Thousand Dollar ($5,000.00) ticket. After winning the defendant exclaimed, "We won, we won, we won the big one." The defendant later offered One Thousand Dollars ($1,000.00) to several of the plaintiffs if they did not tell the others.

In order to decide this case three issues need to be addressed: (1) whether a contract existed, (2) whether any agreement required a writing to be enforceable, and (3) whether lottery pools are legally enforceable agreements. While no Florida case has addressed the issue of lottery pool agreements, appellate courts in MICHIGAN, NEW JERSEY, INDIANA, and NEW YORK have addressed the issue.

To have a valid contract the elements of offer, acceptance, consideration, competent parties, and a legal object must be present. While the defendant claims that mutual assent, agreement, i.e., offer and acceptance did not exist the court finds that it did. *E.g., Robbie v City of Miami,* 469 So.2d 1384 (Fla. 1985). The parties agreed to combine monies to divide winnings over Fifty Dollars ($50.00) and to purchase additional tickets for further chances. The winning ticket was ultimately derived from the rules and goals of the lottery agreement.

While the elements of a contract existed there was never a written agreement. The STATUTE OF FRAUDS requires certain contracts to be in writing to be enforceable. While the parties never reduced their agreement to writing, a lottery pool agreement is not the type of contract that is required to be in writing to be enforceable. *See* Fla. Stat. Chap. 725, F.S.A. (1987); *Pando v Fernandez,* 499 N.Y.S.2d 950 (A.D. 1 Dept. 1986); *Pepe v Shepard,* 422 So.2d 910 (3d DCA FL 1982).

Other states that have addressed the issue of lottery agreements have upheld their validity. The case that is analogous to the case at hand involves a NEW JERSEY decision in which a mother refused to share a winning One Hundred Thousand Dollar ($100,000.00) ticket with her children. *Pinieiro v Nieves,* 259 A.2d 920 (N.J. Sup. 1969). The court there upheld the validity of the parties oral lottery agreement. *See also Miller v Radikopf,* 228 N.W.2d 386 (Mich. 1975).

Prior to the passage of the Florida Lottery under Chapter 24, F.S.A., any lottery agreement could have been construed as being an illegal agreement in violation of the criminal sanctions of Chapter 849, F.S.A. dealing with gambling. Other courts have addressed the gambling aspect of pool agreements in and of themselves and ruled that they did not violate criminal gambling statutes. *E.g., Nieves,* 259 A.2d 920; *Kaszuba v Zientara,* 506 N.E.2d 1 (Ind. 1987).

The court finds that lottery pool agreements are legally binding agreements which are enforceable in the STATE OF FLORIDA. This court therefore finds in favor of the plaintiffs in the amount of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00) together with court costs.

DONE AND ORDERED in Chambers, Fort Myers, Lee County, Florida this 7th day of September, 1988.