PER CURIAM.
This is an appeal from an order granting a defense motion for a summary judgment which was entered below in a probate matter involving a will contest. We have jurisdiction to entertain this appeal as one taken from a final order. Art. V, § 4(b)(1), Fla. Const.; Fla.R.P. & G.P. 5.100.
On February 25, 1987, the decedent, Edna Fine, executed a will leaving her entire estate to her aunt, Mildred Sears. Upon decedent’s demise, William Ross, alternate personal representative under the will, petitioned for admission of the will to probate; appellants, decedent’s remaining aunts and uncle, contested admission of the will on the grounds that decedent lacked testamentary capacity and had been unduly influenced by Mildred Sears. Both issues were decided in favor of appellee Ross on his motion for summary judgment. For the reasons which follow, we reverse.
It is well settled (1) that a summary judgment must be denied if the record reflects the existence of genuine issues of material fact or raises even the slightest reasonable doubt regarding such issues, Holl v. Talcott, 191 So.2d 40 (Fla.1966); Monroe County v. New Port Largo, Inc., 441 So.2d 173 (Fla. 3d DCA 1983); Braun v. Ryder Systems, Inc., 430 So.2d 567 (Fla. 3d DCA 1983), and (2) that the moving party has the burden of conclusively showing the absence of such issues, Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Florida East Coast Ry. v. Metropolitan Dade County, 438 So.2d 978 (Fla. 3d DCA 1983); Braun v. Ryder Systems, Inc.
The record on appeal discloses that there are genuine issues of material fact on the lack of testamentary capacity and undue influence which have not been eliminated by the appellee Ross as the movant for summary judgment below. Although the appellants admitted in requests for admissions that they had no personal knowledge of the events which led up to the execution of the subject will, this admission does not, as urged, conclusively establish that appellants cannot prove their attack on the will; there may be witnesses appellants can call *461 at trial which will prove their case. Significantly, the appellee Ross produced no evidence below negating the appellants’ claims in this case. The order under review is, therefore, reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.