LEVY, Judge.
Joe E. Williams and Kimberly Perry Williams appeal from an adverse summary judgment and from an earlier non-final order denying their Motion for Determination of Entitlement to Punitive Damages. We reverse.
The Williamses had opened a checking account and a savings account at the Citizens and Southern National Bank of Georgia (hereafter “Citizens and Southern of Georgia”). After they moved to Florida, the Williamses continued to maintain the two Georgia accounts, having a management company deposit funds received from rental income into the accounts. The management company was to alternate deposits between the checking and savings accounts. Sometime in 1987, the checking account was closed by Citizens and Southern of Georgia without notice to the Williamses. The savings account statements were nevertheless routinely received by the Williamses. According to the Williamses, because they had not written any checks on their checking account, they believed the account to be open and active. Mr. Williams did not know that the account did not, in fact, have sufficient funds to cover the checks he was about to write.
In October of 1987, Mr. Williams wrote a check for $300 and cashed it at the Plantation branch of the Citizens and Southern National Bank of Florida (hereafter “Citizens and Southern of Florida”). Citizens and Southern of Florida and Citizens and Southern of Georgia are totally separate banking institutions. The check was cashed by Citizens and Southern of Florida without incident. Since Mr. Williams’ checking account at Citizens and Southern of Georgia was closed, that bank merely debited his savings account there, and then reimbursed Citizens and Southern of Florida. In November of 1987, Mr. Williams again presented a check to Citizens and Southern of Florida for cash; again the check was cashed without incident. The Williamses did not receive any notice that the two checks were drawn on a closed account. In December of 1987, Citizens and Southern of Florida prepared and cashed a $50 counter check for Mr. Williams. Still, no notice was given to Mr. Williams that the checking account being drawn on was closed. On a fourth instance, New Year’s Eve 1987/1988, while attempting to cash a $20 check, the Citizens and Southern of Florida branch officer, Russo, called the police and had Mr. Williams arrested and charged with knowingly issuing a worthless check. The check in question was the first check cashed for $300.
Mr. Williams subsequently was incarcerated until 4:00 A.M. on New Year’s Day. The Williamses brought suit against the Citizens and Southern National Bank of Florida, and its Plantation branch operations manager, Gay C. Russo, alleging malicious prosecution, negligence, defamation, false imprisonment, and intentional infliction of emotional distress. Summary judgment was entered in favor of Citizens and Southern of Florida on all counts and the Williamses brought this appeal.
Clearly, the record in this case reflects that material issues of fact remain unresolved and in dispute requiring reversal of the summary judgment. See Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v, Talcott, 191 So.2d 40 (Fla.1966); Russo v. Ross, 545 So.2d 460 (Fla. 3d DCA 1989); Monroe County v. New Port Largo, Inc., 441 So.2d 173 (Fla. 3d DCA 1983). For example, the trier-of-fact in this case will have to determine what liability, if any, should be borne by Citizens and Southern of Florida and/or Russo as a result of Russo’s statement to the arresting officers, made prior to the appellant being arrested, that the bank had to “write-off”, as a business loss, the first check (in the amount of $300) that the bank cashed for appellant when, in fact, there is evidence in the record indicating that Citizens and Southern of Florida was paid for that check, in full, by Citizens and Southern of Georgia.
Regarding the foregoing statement of Russo, the trier-of-fact may determine that the statement was well-founded and cor *71 rect. In the alternative, however, the trier-of-fact may also determine that the said statement was incorrect. In that event, the jury must then be further allowed to determine whether the incorrect statement was made intentionally or as a result of some degree of negligence.
For the foregoing reasons, the summary judgment entered in this case must be reversed. In addition, the trial court’s denial of the appellant’s “Motion for Determination of Entitlement to Punitive Damages” must be reversed, with the appellant being permitted to argue its case for punitive damages before the trier-of-fact.
Reversed and remanded with directions.