677 So.2d 355 (1996)
Christina McCRANEY, Appellant,
v.
James A. BARBERI, Appellee.
No. 95-3836.
District Court of Appeal of Florida, First District.
July 2, 1996.
Rehearing Denied July 31, 1996.
*356 Lefferts L. Mabie and Troy A. Rafferty of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for Appellant.
Belinda B. de Kozan of Fuller, Johnson & Farrell, P.A., Pensacola, for Appellee.
VAN NORTWICK, Judge.
Christina McCraney appeals a final summary judgment entered in her malicious prosecution action against James A. Barberi, appellee. Because genuine issues of material fact exist concerning whether Barberi gave information to the state attorney's office which he knew to be false and whether such information unduly influenced the decision of the state to prosecute McCraney, we reverse and remand for further proceedings.
On March 17, 1993, Christina McCraney issued a worthless check to Barberi Radio & TV in the amount of $293.56. Upon learning that the check had been returned for insufficient funds, she issued a money order to Barberi in the face amount of $296.56, the amount of the worthless check plus a $3 bank charge. In the meantime, Safe-Check Services, with whom Barberi Radio & TV contracted for recovery of returned checks, had begun collection efforts regarding the check written by McCraney.
Florida law permits Barberi to seek recovery of a $20 service charge for collection efforts regarding worthless checks. §§ 68.065(2) and 832.07(1)(a), Fla. Stat. (1991). Barberi and Safe-Check Services decided to pursue recovery of the $20. The parties differ as to whether McCraney was notified that she still owed $20: Barberi and Safe-Check Services maintain that she was, McCraney maintains that she was not. Nevertheless, Barberi and Safe-Check Services jointly prepared and Barberi submitted a worthless check affidavit to the state attorney's office. This affidavit states that McCraney issued a worthless check in the amount of $293.56. The affidavit nowhere reveals that McCraney subsequently delivered the $296.56 money order to Barberi. Barberi contends that he attached a copy of the money order to the worthless check affidavit and that, when he submitted the affidavit, he told the state attorney's office he was only seeking payment of the $20 service charge allowed him by statute. The worthless check affidavit in the record, however, does not include a copy of the money order as an attachment.
The record includes the affidavit of the assistant state attorney who prosecuted McCraney's case. In this affidavit, the assistant state attorney states that, upon receipt of the worthless check affidavit, he decided to prosecute McCraney. This affidavit does not state, however, that the state attorney's office made the decision to prosecute McCraney with the knowledge that the full amount of the check had been paid by McCraney. The record indicates that, once the state attorney's office became aware that McCraney had paid the amount of the worthless check, a decision was made to nol prosse the felony worthless check charge against McCraney.
McCraney filed suit against Barberi and Safe-Check Services for malicious prosecution, contending that they had falsely and knowingly instituted a criminal proceeding against her for the entire face value of the worthless check when she had paid the face value plus bank charges. Thereafter, the trial court granted summary judgment in favor of Barberi, ruling that the uncontradicted sworn testimony of Barberi established that he provided all material information to the state attorney's office and, thus, no material issue of fact remained that the prosecution against McCraney resulted from provision of incorrect or false information to the prosecuting authorities.
To prevail in an action for malicious prosecution, a plaintiff must show: (i) that an original criminal or civil judicial proceeding was commenced or continued, (ii) that the defendant was the legal cause of the judicial proceeding, (iii) that the judicial proceeding was terminated in the plaintiff's favor, (iv) that probable cause for the proceeding was absent, (v) that malice was present, and (vi) that the plaintiff suffered resulting damage. *357 Harris v. Boone, 519 So.2d 1065, 1067 (Fla. 1st DCA 1988); Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1218 (Fla.1986).
The issues here relate to whether Barberi was the legal cause of McCraney's prosecution. The applicable law is succinctly stated in Orr v. Belk Lindsey Stores, Inc., 462 So.2d 112, 114 (Fla. 5th DCA 1985), appeal after remand, 501 So.2d 714 (Fla. 5th DCA 1987):
The general rule is that if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer or if the officer makes an independent investigation, the defendant is not regarded as having instigated the proceeding. However, if the defendant's persuasion is the determining factor in inducing the officer's decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant may be held liable. [Citations omitted.]
In the instant case, a primary question is whether Barberi's affidavit was knowingly false and unduly influenced the authorities to prosecute the appellant McCraney.
In Florida, "the party moving for summary judgment is required to conclusively demonstrate the nonexistence of an issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Green v. CSX Transp., Inc., 626 So.2d 974, 975 (Fla. 1st DCA 1993) citing, Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977). Summary judgment should be cautiously granted and the trial court should not enter summary judgment unless the facts are so crystallized that nothing remains but questions of law. If the evidence will permit different reasonable inferences, it should be submitted to a jury as a question of fact. Lashley v. Bowman, 561 So.2d 406, 408 (Fla. 5th DCA 1990); Williams v. Citizens & Southern Nat. Bank of Florida, 582 So.2d 69, 70 (Fla. 3d DCA 1991).
When Barberi's worthless check affidavit is considered in the light most favorable to the plaintiff McCraney, it creates an issue of material fact whether Barberi truthfully advised the state attorney's office that the full amount of the check, plus an additional bank charge, had been paid by McCraney. See, Goings v. West Florida Hosp., 504 So.2d 1254, 1255 (Fla. 1st DCA 1986). Further, an issue of material fact remains concerning whether the assistant state attorney would have elected to prosecute McCraney if the state attorney's office had known that the full amount of the worthless check, plus a $3 bank charge, had been paid by McCraney, and that a maximum of only $20 was due and owing to Barberi. Because factual conflicts remain to be resolved, the summary judgment was erroneously entered.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WOLF and BENTON, JJ., concur.