United States Court of Appeals,

Eleventh Circuit.

No. 95-4521.

Harvey BURGER, Gail Burger, Plaintiffs-Appellees, Cross-Appellants,

v.

TIME INSURANCE COMPANY, INCORPORATED, a foreign corporation, Defendant-Appellant, Cross-Appellee.

June 20, 1997.

Appeals from the United States District Court for the Southern District of Florida. (No. 92-7127-CIV-WDF), Wilkey D. Ferguson, Jr., Judge.

Before TJOFLAT and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO ARTICLE V, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION. TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

In this diversity case, we review a jury award of $50,000 in compensatory damages and $1 in punitive damages to Harvey Burger, resulting from a successful "bad faith refusal to pay" claim under Florida Statute § 624.155. Time Insurance appeals the judgment, alleging that the jury awarded compensatory damages solely for emotional distress, damages that are not cognizable under Florida law for this claim. This case presents an important issue of Florida law that has not been addressed by the Supreme Court of Florida. We believe the issue is appropriate for resolution by Florida's highest court, and defer our decision in this case pending certification of the question to the Supreme Court of Florida. *See Varner v. Century Finance Co., Inc.,* 720 F.2d 1228 (11th Cir.1983).

I. STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

Sometime in 1991, Harvey Burger submitted for reimbursement a $500 medical bill for an endoscopy to his medical insurance carrier, Time Insurance, Inc. According to Burger, the bill he received from the doctor's office contained a "stray" mark, leading him to believe that he owed $1,500 for the endoscopy. Burger further contends that, once informed by the doctor of the correct

amount owed on the bill, he immediately relayed the information to Time Insurance and resubmitted a corrected bill for reimbursement. Sometime later, Burger submitted the bill a third time, marking it "Paid $500." Two weeks later, in August of 1991, Burger was informed that Time's Special Investigations Unit (SIU) was investigating the possibility that he had attempted to defraud the company. Between August, 1991 and November, 1992, Time did not pay any of Burger's outstanding health care claims. (Burger did not submit any new claims during this period.)

In February, 1992, consistent with Florida law (Fla.Stat. § 624.155(2)(a)), Burger's counsel submitted notice of a civil remedy claim to Time, requesting its payment of the non-suspect claims. Time failed to respond to the notice within the 60-day period allowed by law. Time did not satisfy its payment obligations with respect to Burger's claims until November, 1992.

At trial, Burger alleged that, because of Time's failure to pay his medical bills between August, 1991 and November, 1992, and his lack of financial resources to pay for medical services, he felt he could not go to the doctor or otherwise obtain medical services. Thus, he claimed that as a direct result of Time's failure to pay his claims in a timely fashion, he could not obtain needed medical treatment. He also complained of depression and an inability to communicate with his family as a result of his dealings with Time. For its part, Time attempted to discredit Burger's claims that he could not obtain health care during the relevant period by insisting that Burger never submitted new claims for reimbursement; Time's failure to pay related only to claims that Burger submitted prior to August, 1991.[1]

A jury found that Time Insurance violated Florida Statute § 624.155 by not attempting in good faith to settle Burger's claims, awarding him $50,000 in compensatory damages and $1 in punitive damages.[2] On appeal, Time argues that Burger presented only evidence of emotional distress, and no evidence of economic harm, to support his claim for damages. According to Time, Fla. Stat. § 624.155 only created a cause of action for first party claims of bad faith failure to pay;

---

[1]This argument does not join Burger's claim that he simply did without the medical care he needed.

[2]The jury also awarded Burger $500 for unfair claim settlement practices by Time Insurance, pursuant to Florida Statute § 626.9541.

it did not alter case law which recognized mental anguish damages only in cases of intentional infliction of emotional distress. The jury award of $50,000 to Burger was therefore improper. Burger insists that: (1) Florida law does not preclude an award of damages for emotional distress in this type of action; and (2) the damages he alleged qualify as non-emotional injury sufficient to support the award.

There is no case law directly addressing whether the type of damages alleged by Burger qualify as a "reasonably foreseeable result" of a violation of Fla.Stat. § 624.155, and thus serve as an appropriate basis for compensatory damages under the statute. "Where there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary *Erie*[3] "guesses' and to offer the state court the opportunity to interpret or change existing law." *Mosher v. Speedstar Div. Of AMCA Intern., Inc.,* 52 F.3d 913, 916-17 (11th Cir.1995) (*citing Jackson v. Johns-Manville Sales Corp.,* 781 F.2d 394, 396 (5th Cir.) *cert. denied,* 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986)). We therefore certify the following question to the Florida Supreme Court.

II. QUESTION TO BE CERTIFIED TO THE FLORIDA SUPREME COURT

(1) WHETHER THE DAMAGES ALLEGED BY APPELLEE QUALIFY AS COMPENSATORY DAMAGES UNDER FLA.STAT. § 624.155(7)? ALTERNATIVELY, WHETHER THE TYPE OF EMOTIONAL DISTRESS ALLEGED BY APPELLEE QUALIFIES AS DAMAGE THAT IS A "REASONABLY FORESEEABLE RESULT" OF A VIOLATION OF FLA.STAT. § 624.155, AND THUS SERVES AS AN APPROPRIATE BASIS FOR COMPENSATORY DAMAGES UNDER THE STATUTE?

Our particular phrasing of the question is not intended to limit the Florida Supreme Court's inquiry. The entire record in this case, together with copies of the briefs, shall be transmitted to the Supreme Court of Florida.

QUESTION CERTIFIED.

---

[3]*Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).