[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/16/98
THOMAS  K. KAHN
CLERK

No. 95-4521

D. C. Docket No. 92-7127-CIV-WDF


HARVEY BURGER, GAIL BURGER,

Plaintiffs-Appellees,
Cross-Appellants,


versus


TIME INSURANCE COMPANY, INCORPORATED, a foreign corporation,

Defendant-Appellant,
Cross-Appellee.


Appeals from the United States District Court
for the Southern District of Florida

**(December 16, 1998)**

Before TJOFLAT and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Appellant Time Insurance Co. ("Time") appeals from a judgment entered on a jury

verdict awarding Harvey and Gail Burger $ 50,000 in compensatory damages and $ 1 in punitive

damages.  Burger cross-appealed the district court's grant of summary judgment to Time on

Burger's malicious prosecution claim and an evidentiary ruling of the district court.

On appeal, Time argues that the jury awarded compensatory damages for emotional

distress, which, it claims, are not compensable under Florida law for this claim.  In our initial

decision in this case, we concluded that this question was not dictated by the clear and

controlling precedent of the Supreme Court of Florida.  Accordingly, we certified the following

question to the Supreme Court of Florida:

> (1) WHETHER THE DAMAGES ALLEGED BY APPELLEE QUALIFY AS
> COMPENSATORY DAMAGES UNDER FLA. STAT. §624.155(7)?
> ALTERNATIVELY, WHETHER THE TYPE OF EMOTIONAL DISTRESS
> ALLEGED BY APPELLEE QUALIFIES AS DAMAGE THAT IS A
> "REASONABLY FORESEEABLE RESULT" OF A VIOLATION OF FLA.
> STAT. §624.155, AND THUS SERVES AS AN APPROPRIATE BASIS FOR
> COMPENSATORY DAMAGES UNDER THE STATUTE?

Burger v Time Ins. Co., 115 F.3d 880, 882 (11th Cir. 1997).

The Florida Supreme Court rephrased the question as follows:

> WHAT ALLEGATIONS AND STANDARDS OF
> RECOVERY ARE NECESSARY TO SUSTAIN
> THE RECOVERY OF DAMAGES FOR
> EMOTIONAL DISTRESS IN A CLAIM UNDER
> SECTION 624.155(1)(b)(1) AGAINST A
> HEALTH INSURANCE COMPANY?

Time Ins. Co. v. Burger, 712 So. 2d 389, 392 (Fla. 1998).  In answering this question, the Florida

Supreme Court held that, to support a recovery, the plaintiff would have to prove

> (1) that the bad-faith conduct resulted in the insured's failure to receive necessary
> or timely health care;  (2) that, based upon a reasonable medical probability, this
> failure caused or aggravated the insured's medical or psychiatric condition;  and
> (3) that the insured suffered mental distress related to the condition or the
> aggravation of the condition. In order for the insured to recover, these allegations
> will have to be substantiated by testimony of a qualified health care provider.

2

Id. at 393. Because the parties did not have the benefit of this standard at the time they developed the evidence in this case, we reverse and remand for a new trial in accordance with the standard enunciated by the Florida Supreme Court.

Turning to Burger's cross-appeal, we affirm the grant of summary judgment to Time on Burger's malicious prosecution claim. The district court properly applied the general rule that a malicious prosecution claim does not lie "'if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer . . . .'" McCraney v. Barberi, 677 So. 2d 355, 357 (Fla. 1st DCA 1996) (quoting Orr v. Belk Lindsey Stores, Inc., 462 So. 2d 112, 114 (Fla. 5th DCA 1985)). The facts show that Time turned Burger's file over to the Fraud Division of the Florida Department of Insurance, which, in turn, referred the matter to the State Attorney's Office of Broward County. Burger has failed to point us to any evidence in the summary judgment record that Time gave "'information which [it] knew to be false and so unduly influence[d] the authorities . . . .'" Id. Although Burger claims that Time failed to disclose exculpatory facts, Burger has not shown that Time did so with malicious intent.[1]

Accordingly, the judgment of the district court is AFFIRMED IN PART AND REVERSED IN PART and the case is REMANDED for further proceedings consistent with this opinion.[2]

---

[1] Because we are remanding for a new trial, we have no occasion to review Burger's challenge to evidentiary rulings made during the first trial.

[2] Because Burger has not prevailed in this appeal, we deny Burger's motion for appellate attorney's fees. We also deny his motion to strike Time's appendix.

3