VAN NORTWICK, J.
David Pooser, an employee of a subcontractor working on a construction site, appeals the trial court’s summary judgment *28 entered in favor of appellees, South Florida Aluminum, Inc. (South Florida), Reliable Painting, Inc. (Reliable), and Duffield Aluminum, Inc. (Duffield), other subcontractors on the job site, in his suit for damages for injuries he sustained when he fell off a second floor walkway. Because genuine issues of material fact exist whether appellees South Florida and Rehable created an unreasonably dangerous condition at the work site where Pooser fell, we reverse and remand for further proceedings as to these two subcontractors. We affirm the summary judgment entered for Duffield.
On June 4, 1997, Pooser, an employee of Ray French Air Conditioning, was carrying a box of construction trash along a second floor walkway on the perimeter of D Building at the Museum Walk Apartment construction job site in Gaines-ville when he stepped off the walkway, sustaining serious injuries. Temporary safety railings had been in place along the exterior walkways on each floor, but on this day, there were no railings along the part of the walkway where Pooser fell.
Pooser contends the temporary safety railing that had been installed along the walkway was removed either by employees of Reliable in the process of painting parts of the walkway or by employees of South Florida in the process of installing permanent walkway guardrails. Although Poos-er cites no evidence that employees of Duffield created the dangerous condition on the walkway, he contends Duffield is nonetheless liable because Duffield’s employees knew of the dangerous condition and did not warn him.
Job logs from Reliable indicate that their employees were working on the exterior of the building where Pooser fell two days before the accident. There was testimony that Reliable employees regularly removed the handrails to paint the exterior walls of the columns along the walkway, and that included the handrails on Building D. Both the job logs of Reliable and deposition testimony of a Reliable supervisor indicate that Reliable employees were working at or near the location where Pooser fell on the same day as the accident. One Reliable employee was walking behind Pooser when the accident occurred.
In his deposition, an employee of South Florida stated that there had been a temporary safety railing at the point on the second floor walkway where Pooser fell and that he had seen the railing in place the day before the accident. A Duffield employee stated in his deposition that he had seen a South Florida employee removing temporary safety railings and installing permanent railings along the second floor of the walkway where Pooser fell. More specifically, he testified that he recalled the South Florida railing installer becoming angry when a pre-made section of permanent railing did not fit and could not be installed according to plans.
The trial court granted summary judgment for appellees, ruling that they owed no duty to Pooser and that the area where Pooser fell was not in the exclusive control of the appellees. Further the court ruled that the missing guardrails were an open and obvious condition and did not constitute an inherently dangerous condition.
A subcontractor on a construction site has “a common law duty of care not to create or maintain a condition at the work site that could be unreasonably dangerous to other subcontractors’ employees.” Keene v. Chicago Bridge and Iron Co., 596 So.2d 700, 704 (Fla. 1st DCA 1992); see also Rincon v. ABC Cutting Contractors, Inc., 706 So.2d 322 (Fla. 4th DCA 1997). In Keene, Keene was an employee of Ceilcote, a coating subcontractor. He was injured while attempting to move the sandblasting machine of the painting subcontractor, Chicago Bridge and Iron Company, from Ceilcote’s scaffolding boards. In reversing the trial court’s directed verdict for Chicago Bridge, this court said:
The evidence established a jury issue as to whether Chicago Bridge breached its duty of care in this case, and whether *29 such breach was the proximate cause of Keene’s injuries. Whether placing and maintaining a loaded sand pot weighing 1,000 pounds on top of a stack of scaffolding boards belonging to Ceilcote presented a condition or special risk that was unreasonably dangerous to Ceil-cote’s employees needing to move it in order to use the scaffolding boards, and whether Chicago Bridge’s failure to give Ceilcote and its employees reasonable warning that the machine was loaded with sand and to give adequate cautionary instructions for its safe removal from atop the boards constituted a breach of Chicago Bridge’s duty of care to Ceilcote’s employee Keene were clearly questions for the jury.
Keene, 596 So.2d at 705.
Similarly, in Rincon, a subcontractor cut holes in a concrete canopy and left them unguarded; when an employee of a painting subcontractor fell through one of the holes, the cutting contractor was held to owe a duty of care. The Rincon court reasoned that the subcontractor had control of the premises where it was working while it was working there and “that the subcontractor breached a duty of reasonable care to third parties when it left the job without taking steps to ensure that [a dangerous situation did not result].” Rincon, 706 So.2d at 324 (Pariente, J., concurring). Thus, “it should be for a jury to decide whether it was reasonable for the subcontractor to leave the job without barricading the holes [and] without warning of the dangerous condition ...” Id.; see also Levy v. Home Depot, Inc., 518 So.2d 941 (Fla. 3d DCA 1987)(there existed a jury question regarding the question of whether a defect was open and obvious where the plaintiffs affidavit stated that his vision was obscured by the carton he was carrying when he tripped and fell on a ten inch gap in an elevated sidewalk).
As this court recognized in Hawkins v. Champion Int’l Corp., 662 So.2d 1005, 1008 (Fla. 1st DCA 1995):
Summary judgment should be granted only where there is a complete absence of any genuine issue of material fact. Where the evidence of a defect reasonably gives rise to conflicting inferences, a question of fact is present and summary judgment is inappropriate.
(Citations omitted). In ruling on a motion for summary'judgment, the court should draw every possible inference in favor of the party against whom the summary judgment is sought. McCraney v. Barben, 677 So.2d 355, 357 (Fla. 1st DCA 1996). Summary judgment should not be granted “unless the facts are so crystalized that nothing remains but questions of law.” Id. Where the evidence permits different reasonable inferences, the jury should determine the questions of fact. Id.
The evidence present in the deposition testimony raised several issues of material fact. Of primary importance is who removed the safety railing where Pooser fell and who failed to replace that railing or failed to install a new railing or failed to warn other employees on the site of the dangerous condition created. Because of these questions of fact, we reverse the trial court’s ruling of summary judgment for Reliable and South Florida and remand for further proceedings.
No evidence suggests, however, that Duffield controlled the premises or played any active role in creating the dangerous conditions that led to Pooser’s accident. Thus, we affirm the trial court’s summary judgment as to Duffield. Although Pooser seeks to impose liability on Duffield because Duffield’s employees did not warn him of the missing railing, appellant has not cited, and we have not found, a Florida appellate decision which recognized a legal duty to warn of a dangerous condition owed to an employee of one subcontractor by employees of another subcontractor when the other subcontractor did not create the dangerous condition or control the premises. See generally 30 C.J.S. Employer-Employee Relation, § 69. Pooser failed to produce any evidence or *30 facts that suggest that Duffield had any authority to make changes to the railings or that Duffield had any degree of control over the walkway or the temporary or permanent hand railings. As such, no common law duty of care arose between Pooser and Duffield.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WEBSTER AND DAVIS, JJ., CONCUR.