766 So.2d 1184 (2000)
Rudolph ROBERTS and Brenda Roberts, his wife, Appellants,
v.
DACRA DESIGN ASSOCIATES, LTD., a Florida Corporation, Appellee.
No. 3D99-2695.
District Court of Appeal of Florida, Third District.
September 13, 2000.
Ginsberg & Schwartz and Todd Schwartz; Brumer & Kaufman, Miami, for appellants.
Kubicki Draper and Angela C. Flowers, Miami, for appellee.
Before JORGENSON, COPE and RAMIREZ, JJ.
PER CURIAM.
Rudolph Roberts and Brenda Roberts appeal an adverse summary judgment in a slip and fall case. We affirm.
Plaintiff-appellant Rudolph Roberts was an air conditioning repair person who was dispatched to repair an air conditioning unit in a building owned by defendant-appellee Dacra Design Associates, Ltd. Plaintiff had never been to the building before. The lights were not working, but the first floor was illuminated by light coming in from the windows.
Plaintiff observed that the building appeared to be under construction. There was debris on the ground floor including wood and pipes. The second floor, where the air conditioning unit was located, had no windows and was dark. Plaintiff set up a shop light and a ladder next to the air conditioning unit, and began work. When he descended from the ladder and stepped to the floor, he slipped on a length of pipe about six inches long and three and one half inches around. He fell and was injured.
It turned out there were numerous pieces of similar pipe lying about the second floor. The plaintiff had not seen them because the second floor was dark. Plaintiff sued the owner for negligence.[*]
For purposes of the summary judgment proceeding, the plaintiff conceded that the defendant owed no duty to provide lighting, or to warn the plaintiff that the second floor was dark. Plaintiff argued, however, that the owner should have warned that there were construction items on the second floor where the air conditioning *1185 unit was located. The trial court granted summary judgment for the defendant owner and the plaintiff has appealed.
When an independent contractor goes to a construction site, he must anticipate that there may be construction materials on the premises, and that working conditions on the site may be less favorable than would be true once the work has been completed. The plaintiff in this case concedes that the lighting condition was obvious and that it was his responsibility to provide the lighting necessary for the work. With that concession, we do not see a basis for imposing liability on the owner. The pipes were there to be seen upon any reasonable inspection of the work area. See Florida Power & Light Co. v. Robinson, 68 So.2d 406, 411 (Fla.1953); Arauz v. Truesdell, 698 So.2d 872 (Fla. 3d DCA 1997); Kagan v. Eisenstadt, 98 So.2d 370 (Fla. 3d DCA 1957).
Affirmed.
NOTES
[*] Brenda Roberts made a claim for loss of consortium.