COPE, J.
Jan Khan appeals an adverse summary judgment in a premises liability case. We conclude that disputed issues of material fact remain, and reverse the summary judgment.
Plaintiff-appellant Khan was employed by an electrical subcontractor on a construction site at a commercial building. After beginning work, he went outside to obtain additional tools. At the time he left the room, the floor was clear of construction materials.
While he was gone, employees of defendant-appellee Executive Drywall, Inc. brought metal studs into the room to be installed. These are metal members on which drywall is placed.
The plaintiff reentered the building through a temporary door. He pushed the temporary door open. His attention was distracted by the noise of construction equipment operating to one side and he looked in that direction. In so doing he proceeded into the room without looking and fell over the metal studs which the drywall crew had brought into the room.
*1127 The plaintiff sued the defendant Executive Drywall for negligence in placing the metal studs just inside the temporary door. The trial court granted Executive’s motion for summary judgment and the plaintiff has appealed.
We conclude that disputed issues of material fact remain regarding whether Executive was negligent. The temporary door was the entrance to this part of the building. Evidently this was a solid door, not a glass door. The door swung inward and the studs were in the line of travel just beyond the point that the door swung open.
Under the circumstances, we think there remains an issue whether Executive was negligent in placing the metal studs in the line of travel behind the door which other workers must use to enter and exit the work area. Since the temporary door could not be seen through, it would appear hazardous to place the construction materials in that position without at least taking some step to warn other workers that the materials were there. See Richardson v. Wal-Mark Contracting Group, LLC, 814 So.2d 534, 535 (Fla. 2d DCA 2002).
The trial court relied on our decision in Roberts v. Dacra Design Associates, Ltd., 766 So.2d 1184 (Fla. 3d DCA 2000), where we said, “When an independent contractor goes to a construction site, he must anticipate that there may be construction materials on the premises, and that working conditions on the site may be less favorable than would be true once the work has been completed.” Id. at 1185. That case is, however, distinguishable. In that case, an air-conditioning contractor had been asked to repair an air-conditioning unit in a building under construction, where there were no lights. The air-conditioning repair person brought his own lights, but slipped on construction debris on the floor. The air-conditioning repair person sought to hold the owner of the building liable. This court held for the defendant on the theory that it had been the plaintiffs responsibility to provide the lighting, and that the general appearance of the site would have alerted a reasonable person to inspect for the presence of construction materials. There was no ongoing construction activity in the building at the time the air-conditioning representative went there.
In the present case, by contrast, the testimony indicates that this was an active construction site at which at least these two subcontractors had work in progress. A subcontractor is required to use reasonable care as it conducts its work. See Pooser v. South Florida Aluminum, Inc., 752 So.2d 27, 28 (Fla. 1st DCA 2000); Keene v. Chicago Bridge and Iron Co., 596 So.2d 700, 704 (Fla. 1st DCA 1992).
The plaintiff acknowledged that when he walked through the temporary door at the time of the accident, he looked to one side to see the source of the construction noise in the room. He proceeded ahead while looking to the side, did not see the metal studs, and tripped over them. Executive is certainly entitled to argue that the plaintiff was comparatively negligent.
For the stated reasons, the summary judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.